# CASES

### ARGUED AND DETERMINED

IN

# THE SUPREME COURT

OF

## THE STATE OF MISSOURI,

JANUARY TERM, 1859, AT JEFFERSON CITY.*

————•◦•————

THE STATE, Respondent, v. HICKS, Appellant.

1. To constitute murder in the first degree, the act of killing must be intentional, and done without justifiable cause.
2. Where a homicide is committed under circumstances that leave it in doubt whether the act was committed maliciously or from an apprehension of real danger, the jury may consider the fact that the deceased was of a rash, turbulent and violent disposition in determining whether the accused had reasonable cause to apprehend great personal injury to himself.

*Appeal from Crawford Circuit Court.*

*Perryman* and *Carter*, for appellant.

*Ewing*, (attorney general,) for the State.

I. The law of the case was fairly presented to the jury. (State v. Hays, 23 Mo. 318.) The fifth, sixth and seventh instructions asked by the defendant were not the law; they were not warranted by the evidence. The temper and disposition of the deceased were not involved in the prosecu-

---

* Judge NAPTON was prevented, through indisposition, from attending at this term of the Supreme court.—[REP.

tion. (Whart. Crim. Law, 296; Whart. on Hom. 249; Wright v. State, 9 Yerg. 344; State v. Hawley, 4 Harring. 562.) The defendant was not prejudiced by the instructions. (7 Mo. 416; 8 Mo. 224; 3 Grah. & Wat. on New Trials, 717.)

RICHARDSON, Judge, delivered the opinion of the court.

The defendant was indicted, tried and convicted of murder in the first degree. On the trial the court gave several instructions, among which is the following: " The court fur_ ther instructs the jury that malice in its legal sense denotes a wrongful act done intentionally without just cause or excuse ; and it is not necessary, in order to support an indictment for murder in the first degree, to show that the act of killing was intentional and done without any justifiable cause."

This instruction is so palpably wrong that it requires no comment to expose it. To constitute murder in the first degree the homicide must be wilful, deliberate and premeditated; and these terms, which define the quality of the offence, necessarily involve the element of a prior intention to do the act in question. An act unintended can not be said to be wilful ; and though the natural consequences of an act deliberately done are presumed to have been intended, and premeditation may be inferred from the conduct of the accused, yet in the absence of a felonious intent there can be no murder.

In a capital case, in which it is sought to deprive a man of his life, he has at least the right to demand that it shall 'be taken away according to law ; and though it may be fairly argued that the instruction did not mislead the jury, and had no agency in producing the verdict, we can not in a case of this magnitude enter into a calculation of the chances as to whether or not the defendant was prejudiced by it.

The first instruction asked by the defendant and given properly stated the law, and the fifth and sixth were rightly

refused, because they omitted the necessary qualification that there was reasonable cause on the part of the defendant to apprehend immediate danger of the supposed felonious design of the deceased being accomplished.

There was evidence tending to show that bitter hostility existed between the defendant and the deceased, and that the latter was a turbulent, violent and dangerous man. It also appeared that the deceased, at the time he received the mortal wound, had a gun which he snapped once or twice at the defendant after the latter had fired, but doubt is left by the testimony as to the position of the gun and the attitude of the deceased before he was wounded. On this state of the evidence the defendant asked the following instruction, which was refused: " 7. If the jury believe from the evidence that the deceased was of rash, turbulent and violent disposition, and that the defendant had knowledge of such disposition, then it is a circumstance for the consideration of the jury in considering the reasonable cause for defendant's apprehension of great personal injury to himself." In my opinion, this instruction ought to have been given. If the defendant killed Mills under circumstances that showed he did not have reasonable cause to apprehend immediate danger of violence to himself, he can not defend himself on the ground of the vicious character of the deceased, for the law promises the same protection to the persons of all men, and it is as great a crime in the eye of the law to kill without cause a bad man as a good one. But the imminence of danger, that will justify us in acting upon the instinct of our nature in repelling a blow before it is received, often depends on the character of the assailant. The menacing attitude of a person generally peaceable and law-abiding would often excite no just apprehension of danger, whilst similar conduct of a fierce, vindictive and passionate man would naturally alarm our fears and make us prompt in anticipating his purposes. When danger is threatened and impending we are not compelled to stand with our arms folded until it is too late to strike, but the law permits us to act on reasonable

fear; and therefore when the killing has been under circumstances that create a doubt as to whether the act was committed in malice or from a sense of real danger, the jury have the right to consider any testimony that will explain the motive that prompted the accused. (Quesenberry v. State, 3 Stew. & Port. 308; Munroe v. State, 5 Geo. 137.)

The judgment will be reversed and the cause remanded; Judge Scott concurring. Judge Napton absent.