————o————

STATE OF MISSOURI, Respondent, *vs.* NED. BRYANT, Appellant.

1. *Practice, criminal—Rule of court—Right of attorneys to cross-examine.*—Where two defendants in a criminal trial were represented each by separate counsel, and required different defenses, *Held,* that a rule of court forbidding more than one counsel on either side to examine witnesses, in so far as it deprived either of said attorneys of the right to cross-examine witnesses, was null and void.

2. *Homicide—Evidence—Character of deceased, as violent, etc., shown when.*—In a case of homicide, where it is doubtful whether it was committed with malice or from a well-grounded apprehension of danger, it is proper to show that the deceased had the reputation of a violent or dangerous man.

3. *Practice, criminal—Instructions as to degrees of a crime.*—Whenever the evidence shows that a defendant may well be convicted of either of different degrees of the crime charged, the jury should be informed by the Court, in what those degrees consist.

*Appeal from Greene Circuit Court.*

*Ellis, & Patterson,* for Appellant.

I. The right of cross-examination is an absolute one, and essential to the competency of testimony. (1. Greenl. Ev., § 446.)

II. The court erred in not instructing the jury as to what constitutes murder in the second degree. (State vs. Matthews 20 Mo., 55 ; State vs. Wyatt, 50 Mo., 309.)

III. The court prescribed as the regulation question, to reach the character of the deceased, this, "What was his reputation for peace and quiet, in the community in which he lived, good or bad?" And refused to permit the defendant, to ask the two questions. 1. "Do you know McGee's reputation in his life-time in this community, for being a dangerous and desperate man?" 2. "Did you know what his reputation in this community was for going around armed?" These questions should have been permitted. (State vs. Keene, 50 Mo., 357.)

*H. Clay Ewing, Attorney General,* for Respondent.

I. The indictment was for murder in the first degree, and the court by instructions defined that crime—no other offense is charged. Even under the first instruction alone, without any other, the jury would be justified in finding the defendants guilty of murder in the second degree, or of any degree of manslaughter. The case of the State vs. Matthews, 20 Mo., 55, does not lay down a different rule.

II. It is conceded that defendants are entitled to cross-examine witnesses, and it will be seen by examination of the evidence in the record, that the defense of each was identical; and the case made by the attorneys, was simply to embarrass the proceedings. Legitimate cross-examination was not refused, and the discretion of the court was soundly exercised. Besides, no intimation is given as to the purpose of such further cross-examination.

WAGNER, Judge, delivered the opinion of the court.

One Tilly, and the defendant Bryant, were indicted in the Greene Circuit Court for murder in the first degree in killing a man by the name of McGee. On the trial they were convicted of murder in the second degree, and Tilly was sentenced to the penitentiary for life, and the defendant for the term of fifteen years. They were tried jointly, and defendant has alone appealed to this court. The principal questions relied upon arise out of the action of the court in its ruling in regard to the admission and rejection of testimony, and its

neglect to give necessary instructions. The parties are all colored, and it seems that the difficulty arose and the homicide was committed at a ball, which they attended. The evidence shows very clearly that McGee, the deceased, at the time he was killed, had grappled the defendant, and was trying to pull a slung shot out of his (Mc Gee's,) pocket, when Tilly, who was defendant's friend, stabbed him with a knife, from which wound he died.

Shortly after this occurrence, Tilly and the defendant left, and they 'were apprehended a few days afterwards with some horse drovers, and were assisting in driving the horses. They were coming in a direction which might lead to their home, where the crime was committed. On cross-examination it was proposed to show, that, when they were arrested, they said that they had been to see some relations, and were on their return home. This evidence was objected to, and excluded by the court. We see no reason for questioning the soundness of the ruling in the rejection of this evidence. It was not brought forth as a part of any conversation had on that subject.

It does not appear, that anything was said at that time in reference to Tilly and defendant making their escape, nor is the matter noticed, either in the evidence or the instructions. There is no intimation anywhere to be found, that the prosecution ever relied upon the fact of flight, as the slightest evidence conducing to establish guilt. Under such circumstances the defendants could not give in their own declarations in their favor.

The defendants were both tried together, and after the trial was begun, and had proceeded for a time, it was discovered that their interests came in collision. There is a rule of the Circuit Court, forbidding more than one counsel on either side to examine witnesses. The defendants were represented by different counsel, and the counsel for Tilly was conducting the cross-examination. Defendant's counsel desired to question the witness in regard to matters which were deemed material to his defense, but which were regarded as damaging to Tilly, the co-defendant. The court refused to allow

defendant's counsel to put the questions, but said they might be asked through Tilly's counsel ; Tilly's counsel declined to examine, because it would be prejudicial to their client's interest, and thus the defendant lost the benefit of the testimony.

The rule relied upon is inserted in the transcript, and we have examined it, and think that the court misinterpreted it, and that it was not designed to apply to a case of this description. But be that as it may, we hold that it was not in the power of a court to adopt any rule, which would deprive a defendant in a criminal case of the right of cross-examination.

This right is one of the essential tests of truth in the examination of testimony, and any rule, regulation or order, which goes to deprive a party of its benefits, is illegal and void.

The defense further proposed to show that the deceased was a desperate and dangerous man. This the court would not permit, and would only allow his reputation for peace and quiet to be submitted in evidence. It is only necessary to refer to the cases of the State vs. Hicks, (27 Mo., 588,) and the State vs. Keene, (50 Mo., 357,) to show that the court erred in this respect. Whilst it is perfectly true that the character of the deceased affords no justification, and will not even palliate the crime, where it appears that the defendant was the aggressor, and provoked the altercation, still it frequently becomes of great importance in determining the degree and quality of the offense. A bad man, as well as a good one, is equally under the protection of the law, but in a case of homicide, where it is doubtful whether it was committed with malice or from a well grounded apprehension of danger, it is necessary to take into consideration the fact, that the deceased was desperate, violent or dangerous. A peaceable, well-disposed man, although in anger, might excite very little fear, whilst the menacing attitude of a cruel, vindictive and desperate person would cause the greatest apprehension, and justify a line of action in the one case, which would be wholly unwarrantable in the other. It is therefore evident, that the characteristics of the deceased with the restrictions placed upon them by the court did not meet the case. A man may not

be peaceable, and still have nothing dangerous about him; he may be the very reverse of quiet, and yet not in any way dangerous or desperate. The very traits of character, which it was important to show as throwing light upon the character of the offense, were the very ones which the court would not permit to go to the jury.

The instructions principally complained of are in reference to Tilly, and have no bearing against the defendant, and as Tilly did not appeal, and is not before this court, we cannot notice them. In the main, the instructions given for the State were correct, but in them there was a palpable omission. The indictment was for murder in the first degree, and it was competent for the jury on this indictment to find the defendant guilty of murder in the second degree, or any of the lesser grades of manslaughter. The court defined what constituted murder in the first degree, and then instructed as to the punishment in the other degrees, but did not undertake to define what constituted them. In this there was a manifest error. Whenever the evidence shows that a defendant may well be convicted of either of different degrees, the jury should be informed by the court in what those degrees consist, otherwise the jury may be misled, and assess a punishment against a defendant for an offense of which he is not guilty. (State vs. Sloan, 47 Mo., 604; State vs. Wyatt, 50 Mo, 309; State vs. Matthews, 20 Mo., 55.)

No other points have been discovered in the record deserving of any especial mention. The judgment must be reversed, and the cause remanded.

All the judges concur.