*C. S. Thomas, Clinton Reed, S. P. Rose* and *V. D. Markham,* for defendant in error.

--------◦◦◦--------

## CATES & McCORMICK *v.* MACK.

*(Supreme Court of Colorado, December Term, 1882—Error to the District Court of Arapahoe County).*

1. PRACTICE—APPEALS TO DISTRICT COURT. Proceedings in cases appealed from County to District Courts are governed by the Code.

2. SAME—NOTICE OF MOTION—RULES. While the Courts have power to make rules regulating the conduct of business therein in certain cases, they may not by rule contravene the provisions of the statute. Hence a rule of Court providing that unless the party appealing from the County Court shall file record within fifteen days the appeal may be dismissed, will not warrant dismissal without notice—the amendment to the Code requiring notice of all motions.

3. SAME—APPEAL. Upon approval of the appeal bond the appeal is perfected, and there remains only the ministerial duty of transmitting the papers to the appellate Court, and thence forward the law applicable to the appellate Court will govern the proceedings.

BECK, C. J.  The defendant in error brought an action in the County Court against the plaintiffs in error, and recovered a judgment in his favor against them for the sum of $216.39 and costs, from which judgment the plaintiffs in error appealed to the District Court.

The appeal bond was approved on the 24th day of February, 1881, and on the 16th day of June following counsel for the defendant in error filed in the District Court a transcript of the proceedings had in the County Court, with a copy of the appeal bond attached.  Thereupon he moved the Court to dismiss the appeal, as provided by rule 18 of said Court, which motion was sustained and the appeal dismissed.

It is assigned for error that the District Court erred in dismissing the appeal without notice to the appellants in said cause.  In support of this assignment we are cited to Sec. 8, Laws 1881, amendatory of Sec. 389 of the Civil Code.

One of the provisions of this amendment is, that written notice of motions shall be required in all cases except those made during the progress of a trial.  This amendment was in force at the time of the dismissal of the appeal, but it was passed by the Legislature long after the rule mentioned was established by the Court.

It is contended by counsel for defendant in error that the Code provision referred to has no application to proceedings upon appeals from County Courts to District Courts, because such appeals are not provided for by the Code, but by sections 575, 577 of the General Laws, and the Code does not purport to furnish any system of practice for such cases.

The fallacy of this position is apparent when it is considered that the statute providing for such appeals requires the proceedings in the Appellate Court to be, in all respects, *de novo*, and that all such causes shall be conducted in the same manner as if originally brought in the District Court.

The Code provides a system of procedure for civil actions, and it is not perceived how a civil action upon a money demand pending for trial *de novo* in the District Court, can be excepted from the rules of procedure, so far as the same may be applicable thereto, prescribed for original actions of the

54

same nature.    These causes usually come into the District
Court simply for a new trial.    The issues may have been sat-
isfactorily settled in the Court below.    There would, therefore,
be some distinction between appeal cases and original actions,
but to the extent of the proceedings in the District Court, the
same rules of practice are applicable.

The next point made in behalf of the defendant in error
is, that the appeal was properly dismissed for the default of
the plaintiffs in error to comply with a standing rule of the
District Court.    This rule is set out in the transcript, and pro-
vides, substantially, that in any case appealed from the County
Court to said District Court, if the appellant shall fail for a
period of fifteen days to file in the District Court a transcript
of the proceedings, together with all necessary papers relating
thereto, the appellee, upon filing a transcript of the judgment,
and a copy of the appeal bond, shall be entitled to have the
appeal dismissed at the cost of the appellant.

Counsel argues that it cannot be fairly inferred that the
Legislature ever intended to require written notice of a mo-
tion to dismiss in a case of this sort, where there is a standing
and general rule of Court, of which counsel are bound to take
notice, providing for a dismissal—that such a rule is a stand-
ing notice of such motion, and that this rule is analogous to
rule 26 of this Court, under which appeals are dismissed in
like manner.

To these propositions we answer, that a rule of Court cannot
supersede a statute.    By this statute it is required that written
notice of motions in all cases be given, except those made dur-
ing the progress of a trial.    The language is broad, and cer-
tainly includes a motion to dismiss a case pending for trial.

As to the character of the notice and the service of the same,
the statute implies not only that a separate notice shall be
given of the motion, but that the notice shall be served as in
other cases.    It contemplates actual and not constructive ser-
vice.

Upon the filing of the necessary papers from the County
Court, the cause was pending for trial in the District Court,
under the provisions of the statute.    Until the case is regu-
larly called for trial, therefore, and the appellants therein fail

to appear and prosecute their appeal; or until they have been put in default by some order of which they have had the prescribed notice, we do not think that the case can be legally dismissed upon motion *ore tenus.* If a statute requiring notice of motions in all cases, can be satisfied by a standing rule of Court in one case, it may be in other cases, which practice, if allowed, would practically defeat the spirit and intent of the law.

The supposed analogy between rule 18 of the District Court and rule 26 of this Court does not exist. The rule of this Court rests upon a statute which provides for the dismissal of appeals (Laws 1879, p. 226, Secs. 26, 27); whereas the statutes applicable to appeals of this character to the District Courts provide for their trial.

The next position assumed is, that plaintiffs in error made no appearance in the District Court, and for that reason were not entitled to notice.

Section 396 of the Code is cited in support of this proposition.

The phraseology of this section indicates that it was framed with more especial reference to original actions instituted in Courts, than for causes transferred from one Court to another for new trials.

It would be a narrow construction to hold that a defendant could not make an appearance in the District Court, in any action, otherwise than by filing an answer, demurrer, or by written notice of his appearance.

It has been held under statutes similar to that which provides for this appeal, that upon approval of the appeal bond, the appeal is perfected, and that the cause no longer remains in the Court from which the appeal is taken. There remains, then, it is said, only the ministerial duty of transmitting the papers to the Appellate Court. This duty devolves upon the officers of the inferior Court, but if they neglect it, the appellant should take steps to have the papers sent up, either by applying to the Appellate Court for a rule to that effect, as suggested in *Little* v. *Smith*, 4 Scam., 402, or otherwise, as may be prescribed by the Appellate Court. The act of taking the appeal, however, is regarded under these

statutes as the entry of the appearance of the appellant in the Court to which he has appealed. *Wyatt* v. *Freeman*, 4 Colo., 14; *Swenson* v. *Girard F. & M. Ins. Co.*, 4 Colo., 475, and cases cited.

But the construction contended for would not only deprive an appellant of the right to notice of motions made after the perfection of his appeal, but also after the performance of acts done by him which have always been construed to constitute a full appearance in a cause.

He may have resisted a motion made in the District Court for an order requiring him to file an amended appeal bond, or may have complied with such an order, and filed an amended bond; he may have made and argued objections to the pleadings, or to some of the proceedings below, under the provisions of section 575 of the General Laws, not having limited his appearance in either instance to the particular purpose for which he appeared, and still, under the construction contended for, he would not be entitled to notice of a motion subsequently made in the cause.

The authority of the District Court to make all necessary rules of practice is fully conceded. It is well known, also, that evils and inconveniences exist, arising from want of diligence in the prosecution of appeals. But we are of opinion that, as the law now stands, when an appeal is taken and perfected by the execution and approval of an appeal bond in a case like the one before us, and the proper papers have been filed in the District Court, the appeal cannot be summarily dismissed without notice to the appellant, on the ground alone that he did not file the papers in Court within a specified time.

For the reasons stated, the judgment will be reversed.

*Reversed.*

*Samuel E. Browne*, for plaintiffs in error.
*A. W. Brazee*, for defendant in error.