PIETY E. BATES *et al.*, Appellants, v. HIRAM N. HOLLADAY, Respondent.

### St. Louis Court of Appeals, May 22, 1888.

1. EVIDENCE—HUSBAND'S AUTHORITY AS WIFE'S AGENT.—Where it appears that a husband was general agent for his wife in all matters pertaining to a particular business, any special limitation upon his authority which is unknown to a party dealing with him in such business, cannot be shown in evidence so as to affect the rights of such party.

2. EVIDENCE—DECLARATIONS OF AGENT.—While loose declarations of an agent, made to the whole country around, should not be detailed in evidence to affect the rights and liabilities of his principal, yet the admission of such declarations will not be deemed prejudicial, when it appears that they referred to matters within the scope of his agency, and that their effect is confirmed by other evidence in the cause.

3. EVIDENCE—TAMPERING WITH WITNESS.—Evidence tending to show that the adverse party has attempted to tamper with a witness is admissible for the purpose of impeaching the testimony given by such adverse party, but for no other purpose. But it is necessary first to lay a foundation for such evidence by asking the party whether he has made such an attempt. The admission of the evidence without this foundation is error.

APPEAL from the Butler Circuit Court, HON. JOHN G. WEAR, Judge.

*Reversed and remanded.*

WILLIAM N. NALLE, for the appellants: The allegation in the answer, that Geo. Bates, co-plaintiff, as agent, on or about the ―――― day of August, 1884, abrogated said contract, does not present an issue upon that subject, it not appearing that he had any power or authority to do so ; nor before a breach by defendant of the contract ; nor did defendant act promptly upon

it. *Edwards v. Weeks*, Fourche's Sel. Cas. 699 ; *Melton v. Smith*, 65 Mo. 315. George Bates' declarations, if true, in the absence of P. E. Bates, for whom he acted as special agent only, were not competent to modify, alter, or rescind the contract, unless it had been shown that he had authority to make such declarations. It will not be presumed that he had such authority from his acts in general in that employment or business. *Dickerson Co. v. Ins. Co.*, 41 Ia. 474 ; Ewell's Evans on Agency (Ed. 1879), 2, 3, note ; *Ayers v. Milroy*, 53 Mo. 516 ; *Chouteau v. Filley*, 50 Mo. 174 ; *Barrett v. Railroad*, 9 Mo. App. 226 ; *Wheeler v. Givan*, 65 Mo. 89 ; *Allee v. Fink*, 75 Mo. 100. Plaintiff was a married woman ; her husband was the agent to manage her business under the contract ; a written authority to rescind, etc., was necessary under our statutes. Sess. Acts, 1883, p. 113 ; *Eystra v. Capelle*, 61 Mo. 578 ; *Alexander v. Rollins*, 14 Mo. App. 109 ; *McGinnis v. Mitchell*, 21 Mo. App. 493. The court having permitted the jury to hear these declarations, it was competent for plaintiff to show that her agent had no authority to rescind or alter her contract with defendant by such a declaration, or any other. *State v. Cooper*, 83 Mo. 698. The testimony of Hettie Anderson that related to George Bates' talk to her was in no sense competent. If George had attempted to suborn her in fact, it was a matter for the grand jury to investigate and not for a petit jury trying issues in which he had no interest. Why the jury returned a verdict for the defendant and assessed his damages at one hundred and twenty dollars, can only be explained upon the hypothesis that it was the result of prejudice, or passion. The defendant did not ask it. The court did not direct them to assess any damages to him ; the profits did not warrant it. The most defendant could have recovered, even though plaintiff's whole claim should have been ignored, was seventy-eight dollars, and that only upon the theory that the contract was never abrogated. The verdict must accord with the instructions. *Rafferty v. Railroad*, 15 Mo. App. 559.

SETTLE & BUGG and S. M. CHAPMAN, for the respondent : The objection urged to the cross-examination of the plaintiff Bates is not well taken. In his examination in chief, he testified that he was the husband of his co-plaintiff ; that he bought the saw-mill at Keener, Missouri, for her, and that he was her agent to "attend to all of the business" of the company (himself and wife) "connected with the saw-mill." It was, therefore, clearly competent, upon cross-examination, to interrogate him as to the entire case, and show the relation and connection he sustained to the business. *Page v. Kankey*, 6 Mo. 433 ; *Brown v. Burrus*, 8 Mo. 26, 30 ; *Railroad v. Silver*, 56 Mo. 265 ; *State v. Brady*, 87 Mo. Mo. 142, 145 ; 1 Greenl. on Evid., sec. 445. Having testified in chief, on behalf of himself and co-plaintiff, he does not become the witness of the opposite party by being cross-examined. 1 Greenl. on Evid., secs. 446, 447 ; *Railroad v. Silver*, 56 Mo. 265 ; *State v. Douglass*, 15 Mo. App. 1 ; *Drew v. Arnold*, 85 Mo. 128 ; *Beal v. Nichols*, 2 Gray (Mass.) 262, 264 ; *Moody v. Rowell*, 17 Pick. 490, 498 ; *Jackson v. Varick*, 7 Cow. (N. Y.) 238. The entire evidence establishes that if the plaintiff George Bates was not the absolute owner of the mill and the business connected with it, that he managed, conducted, and controlled all the business connected with the mill, after his purchase ; that his co-plaintiff, Piety E. Bates, had no connection with its management, but intrusted the entire matter to her co-plaintiff, thus constituting him, in the broadest sense, her general agent, and was, therefore, bound by his acts. 2 Kent Com. [11 Ed.] s. p. 620 ; 1 Greenl. on Evid., sec. 113 ; 2 Wharton on Evid., sec. 1173 ; *McGinness v. Mitchell*, 21 Mo. App. 493 ; *Brooks v. Jameson*, 55 Mo. 505, 512 ; *White v. Railroad*, 19 Mo. App. 400 ; *Hull v. Jones*, 69 Mo. 587. The authority of an agent will be measured and determined by the nature of the business, interests, and dealings of his principal, and will be held to be co-extensive with the requirements of the business with

which he is entrusted. *Gentry v. Ins. Co.*, 15 Mo. App. 215; *Summerville v. Railroad*, 62 Mo. 391; *Franklin v. Ins. Co.*, 52 Mo. 461; *Edwards v. Thomas*, 66 Mo. 468. The fact of agency is proven and admitted by the plaintiffs; and the jury has found that the acts and doings of the plaintiff, George Bates, was within the scope of his authority as agent, and binding upon his co-plaintiff. *McGinness v. Mitchell, supra; Barrett v. Railroad*, 9 Mo. App. 227. The extent of the agent's authority is a question of fact to be settled by the jury, and where there is any substantial evidence to sustain the finding, the verdict and judgment of the trial court will not be disturbed. *Thompson v. Russell*, 30 Mo. 498; *Bank v. York*, 89 Mo. 369; *Huckshorn v. Hartwig*, 81 Mo. 648; *Papin v. Allen*, 33 Mo. 260; *Memphis v. Matthews*, 28 Mo. 248. A written contract may be changed by a subsequent oral agreement (*Monahan v. Finn*, 13 Mo. App. 585), and, "whether they have done so is a question for the jury." *Vastine v. Wyman*, 5 Mo. App. 598; *Fine v. Rogers*, 15 Mo. 315, 321; *Day v. Ins. Co.*, 88 Mo. 331; *Bunce v. Beck*, 43 Mo. 266; *Henning v. Ins. Co.*, 47 Mo. 425; 1 Greenl. on Evid., secs. 303, 304; *Kennebeck Co. v. Ins. Co.*, 6 Gray, 204, 214. Where a party sues upon a contract, he must, as a prerequisite to a right of recovery, establish performance on his part, or a valid reason for his failure to do so. *Downey v. Burke*, 23 Mo. 228; *Davis v. Smith*, 15 Mo. 467; *Dermott v. Jones*, 2 Wall. 1, 7.

THOMPSON, J., delivered the opinion of the court.

This is an action brought by a married woman, with whom her husband is joined, to recover liquidated damages for the breach of a contract. The answer, after a general denial, admitted the contract, setting it out in detail. It then pleaded various breaches of it. It also pleaded a subsequent parol modification of it, and a breach of the supplementary parol agreement; and claimed damages for these breaches by way of counterclaim. A trial was had before a jury, who returned the

following verdict: " We, the jury, find the issues for the defendant and assess his damages at the sum of one hundred and twenty-five dollars and costs." Upon this verdict a judgment was rendered in favor of the defendant for one hundred and twenty-five dollars and costs, and the plaintiffs have appealed.

Many errors are assigned by appellants touching the admission and rejection of evidence, and the giving and refusing of instructions. Most of them are so clearly untenable as not to require special observation.

I.   Though not assigned for error or made the ground of a motion in arrest of judgment, it is perhaps the proper subject of observation that the verdict is irregular in that it does not dispose of all the issues.    It should have found for the defendant upon the issue joined upon the petition and also for the defendant upon his counter-claim, and should have assessed the damages upon the counter-claim.    We mention this irregularity in view of the possibility of another trial, adding that, as it was not called to the attention of the trial court by the proper motion, or even assigned for error here, we do not make it the ground of reversing the judgment.

II.   The contract which is the subject of the action related to the sale of lumber by the female plaintiff to the defendant, which lumber was made at a mill owned and operated by her through the agency of her husband. The evidence of her husband was to the effect that as her agent he attended to all her business connected with the mill.    As such, he made the arrangement with the defendant and other parties, by which she became the successor of such other parties in the  contract which is the subject of the suit.   It was set up in the answer and shown  in the defendant's evidence, that the contract sued on had been verbally rescinded or abandoned by the husband of the beneficial plaintiff before the breach of it for which the action is brought.   In anticipation of this defence the counsel for the plaintiff asked the

plaintiff's husband whether he had any authority or power from his wife, the co-plaintiff, to modify or rescind the contract with the defendant, and if so, what was it. This evidence was objected to by the defendant, and the objection was sustained. As no offer was made to show that the defendant had knowledge of any limitations upon the authority or power under which the plaintiff George Bates was acting for his wife, and as his own evidence, given for her, showed that he was her general agent in and about the whole business to which the contract related, we do not see that error was committed in sustaining the objection. If he was, as his testimony shows, her general agent in the charge and management of the whole business, and if, as such, he took for her the contract which is the subject-matter of the suit, any limitation imposed by her upon him in respect of the particular contract, unknown to the defendant, could not be shown in evidence for the purpose of affecting his rights. *McGinnes v. Mitchell*, 21 Mo. App. 493.

III. As a general rule the declarations of an agent are not admissible in evidence to bind his principal, except when he is acting about the subject-matter of the agency ; and in an ordinary case of agency it is scarcely necessary to say that the loose declarations of the agent, made to the whole country around, should not be detailed in a court of justice to charge his principal with liability or obstruct him in the recovery of his rightful demands. Such declarations of the plaintiff George Bates were detailed in this case by several witnesses. But as he seems to have had absolute control of the whole business of running this sawmill, and as his wife, so far as appears, never took the slightest part in it—it would seem to follow that if he had the power to terminate this contract, as the evidence tends to show, his declarations of his intent to terminate it and of his purpose of violating it were competent in connection with the other evidence. A careful reading of all the testimony convinces us that no prejudicial error was committed in this regard.

IV. Except possibly as to the *quantum* of damages awarded the defendant, the verdict was supported by a very great preponderance of evidence. It may be doubted whether the evidence, as preserved in this record, affords a distinct ground for awarding to defendant more than seventy-eight dollars damages. At the same time, upon the question whether the plaintiffs had not violated the contract in important and essential particulars prior to the time when the defendant refused further to be bound by it, the evidence greatly preponderates in favor of the defendant; so much so that it can scarcely be doubted that another trial upon the same evidence will lead to the same result. We, therefore, regret to find an element in the case which obliges us to reverse the judgment and remand the cause.

Mrs. Anderson was called as a witness for the defendant, and, after having testified at considerable length concerning declarations of the plaintiff George Bates, made, according to the bill of exceptions, the following statements: "On the seventh day of May A. D. 1887 [this was probably on the previous day, or the previous day but one, as the judgment was rendered on the ninth day of May, 1887], while this court was in session Mr. Grounds [an employe of the plaintiffs] came to me in the courthouse at Poplar Bluffs, Missouri, and said to me, that Mr. Bates wanted to see me. I went down stairs and into the store under the courtroom and said to Mr. Bates: 'Mr. Grounds told me you wanted to see me.' He asked me what I knew about this case. I said I did not know much about it. He then said, 'Old girl, don't be too hard on me'; and gave Mr. Hartwell a dollar and told him to go and buy my babies a dress. Mr. Hartwell put the money in his pocket and went out. Mr. Bates then bought them a dress and the dress to me. [There is a clerical omission in the preceding sentence, which should probably be supplied by the word "gave" or "handed".] On the same evening, after court had adjourned, I was standing on the corner of the street, and Mr. Bates came to me, and I said to him, 'I am

going home and stay there, and if they get me back they will have to take me with a state's warrant.' Mr. Bates said, ' Stick to that, and if they fine you I will pay it.'" The bill of exceptions then recites: "To all the foregoing evidence plaintiff objected at the time it was sought and before it went to the jury, on the ground of incompetency, irrelevancy, and only effective to prejudice the jury against the plaintiff—specially objected to at the time, and upon the grounds stated. The court overruled the objection, and the plaintiff excepted at the time." It is but just to the plaintiff George Bates, to say that this evidence was rebutted by his own testimony and that of Hartwell, who, according to Mrs. Anderson's testimony, was present. Nevertheless, we think that it was incompetent, and if so it is obvious that it must have been prejudicial.

A witness in this state may be impeached by evidence of general bad character in the community in which he resides ; and an attempt (though not successful) was made in this case so to impeach the testimony of this witness. A witness may also be impeached in this state by evidence of his having attempted to suborn or tamper with witnesses subpœnaed in the particular case. *State v. Downs*, 91 Mo. 19 ; see also, *Oberfelder v. Kavanaugh*, 32 N. W. Rep. (Neb.) 296. This testimony was admissible for the purpose of impeaching the testimony of George Bates as a witness, and for no other purpose. This question was distinctly ruled in *The Queen's case*, 2 Brod. & Bing. 312. But to render it admissible against him for that purpose, it was first necessary to lay the proper foundation by asking him on his cross-examination whether he had not made such an attempt ; since if such a charge is brought against him it is due to him that he be notified and have an opportunity to explain. This precise point was also adjudged in *The Queen's case, supra,* by the judges in answer to a question propounded by the Lords. This evidence should have been excluded in the form in which it was

presented, and the subject, if thought of sufficient probability when brought to the attention of the judge, should have been reserved for a separate investigation.

ROMBAUER, P. J., concurring, the judgment is reversed and the cause remanded; PEERS, J., not sitting.