SHANNON v. OTTAWA CIRCUIT JUDGE.

1. COURTS—COURT RULES—POWER OF COURT TO PRESCRIBE RULES.
   A local circuit court rule, which, while ostensibly prescribing the
   method of procedure in that court in regard to giving security
   for costs, in effect inhibits the making of contracts for con-
   tingent fees between attorneys and their clients, which the
   State has recognized as valid and enforceable, is beyond the
   power of the court to make.

2. SAME—LITIGANT MAY NOT BE DEPRIVED OF SUBSTANTIAL RIGHT
   BY COURT RULE.
   A litigant may not, by rule of court, be deprived of a substantial
   right, or so embarrassed in its exercise that he may be deprived
   without his fault of its benefit.

Mandamus by Paul Shannon to compel Orien S.
Cross, circuit judge of Ottawa county, to vacate an
order denying permission to proceed with a suit at
law without furnishing security for costs. Sub-
mitted September 24, 1928. (Calendar No. 33,956.)
Writ granted December 4, 1928.

*Peter J. Danhof* and *Irving H. Smith,* for plaintiff.

*Diekema, Kollen & Ten Cate,* for defendant.

FELLOWS, J.   Solely because of local rule 3 of the
circuit court for the county of Ottawa, the defend-
ant circuit judge declined to permit the plaintiff to
proceed in an action in tort brought by him against
the township of Jamestown because of his failure
to give security for costs.   The rule reads as follows:

"When the plaintiff in any case, after being re-
quired by order of the court to give security for

costs, and when such security shall be required by statute, shall file an affidavit to the effect that he has a good and meritorious cause of action, but is unable to procure security for costs and desires to proceed to trial of his case without furnishing such security, his attorney of record shall sign and file with such affidavit a stipulation to the effect that no agreement or understanding has been entered into between them for a division or share of, or interest in the judgment, and that no assignment of any judgment or decree that may be secured therein shall be made prior to the final disposition of the case. The stipulation shall further provide that when final decree or judgment is obtained the proceeds thereof shall be paid into the hands of the clerk of the court, there to remain until disposed of by the court as follows:

"*First,* the costs shall be paid; next, the attorney for the plaintiff shall be paid for his services a sum to be fixed by the court; and the remainder shall then be paid to the plaintiff."

There was a showing that plaintiff had a meritorious cause of action, and that he was unable to give security for costs.

The rule before us in its practical operation and in effect inhibits the making of contracts between attorneys and their clients which this State has recognized as valid and enforceable, and empowers the circuit judge to arbitrarily fix the compensation of attorneys without providing for any hearing on the subject; it adopts a public policy on the question of contingent fees of attorneys for the county of Ottawa in conflict with the public policy on that subject in every other county in the State, and does all this under a rule ostensibly prescribing the method of procedure in that court. The rule before us goes much beyond prescribing a method of procedure or

practice, and. attempts to define the public policy of the State as effective in that county, and to fix the substantive rights of parties and their attorneys in that county different from such rights in other counties in the State. We shall take neither time nor space in discussing the relative powers of this and circuit courts in the making of rules of procedure, as the rule before us cannot be sustained under the rule-making power of either this or the circuit court. Contracts for contingent fees probably have their faults, and possibly there may be many of them, but if they are to be outlawed by a declaration of a change of public policy, that declaration should be made by the legislative department for the whole State, not by a local rule of one court in one of the counties in the State.

The rule before us to such a marked degree deprives parties of their substantive right to contract that it must fall of its own weight. In 7 R. C. L. p. 1024, it is said:

"Again, it is clear, whether any statute directly controls the subject or not, that a litigant can not by rule of court be deprived of a substantial right, or so embarrassed in its exercise that he may be deprived without his fault of its benefit."

In Saylor v. Taylor, 77 Fed. 476, the district court had made a rule regulating the priority of claims in admiralty in that district. In holding that such rule was invalid, it was said by the circuit court of appeals for the fourth circuit:

"By virtue of this section the courts may make rules of practice, but they cannot create rules of law. They cannot divest or displace rights or liens which owe their existence, not to its process, but to the general maritime law. Rights acquired under the statutes of the United States, or under the general

maritime law, which these courts are created to administer, are rules of property, and it is beyond the potency of judicial power to alter them, or take them away by rules of practice.''

In *Washington-Southern Nav. Co.* v. *Steamboat Co.,* 263 U. S. 629 (44 Sup. Ct. 220), it was held (quoting from the syllabus):

''The function of rules of court is to regulate the practice of the court and facilitate the transaction of its business.

''A rule of court cannot enlarge or restrict jurisdiction, or abrogate or modify the substantive law.''

See, also, *Ward* v. *Chamberlain,* 2 Black (U S.), 430, 437; 8 Am. & Eng. Enc. Law (2d Ed.), pp. 29, 30; *State, ex rel. Tooreau,* v. *Posey,* 17 La. Ann. 252 (87 Am. Dec. 525); *State* v. *Bryant,* 55 Mo. 75; *Cates* v. *Mack,* 6 Colo. 401; *Hickernell* v. *National Bank,* 62 Pa. St. 146; *Covey* v. *Williamson,* 286 Fed. 459; *State* v. *Gideon,* 41 Am. St. Rep. 634, and note (119 Mo. 94, 24 S. W. 748).

The writ will issue as prayed, with costs against the defendant in the original suit.

FEAD, C. J., and NORTH, WIEST, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred.