*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARY ARMIJO,

      Plaintiff-Appellee,

v

BRONSON METHODIST HOSPITAL, BRIAN
DYKSTRA, M.D., WILLIAM NICHOLS, JR., D.O.,
ASCENSION ALLEGAN HOSPITAL, and
MARTIN FREEMAN, M.D.,

      Defendants,

and

ANDREW FORSYTH, M.D.,

      Defendant-Appellant.

FOR PUBLICATION
January 19, 2023

No. 358728
Kalamazoo Circuit Court
LC No. 2021-000257-NH

MARY ARMIJO,

      Plaintiff-Appellee,

v

BRONSON METHODIST HOSPITAL, BRIAN
DYKSTRA, M.D., and WILLIAM NICHOLS, JR.,
D.O.,

      Defendants-Appellants,

and

ANDREW FORSYTH, M.D., ASCENSION
ALLEGAN HOSPITAL, and MARTIN FREEMAN,
M.D.,

      Defendants.

No. 358729
Kalamazoo Circuit Court
LC No. 2021-000257-NH

Before: RIORDAN, P.J., and MARKEY and REDFORD, JJ.

RIORDAN, P.J. (*concurring*).

I concur with the lead opinion and join it in full. As the lead opinion explains, it is unnecessary to decide the constitutionality of Administrative Order No. 2020-3, 505 Mich cxxvii (2020), and Administrative Order No. 2020-18, 505 Mich clxi (2020), to resolve the matter before us. However, I write separately to briefly note that the constitutionality of those two administrative orders warrants careful consideration by this Court in a future case.

It is undisputed that the effect of those administrative orders was to toll otherwise-applicable statutes of limitations between March 10, 2020, and June 20, 2020. In issuing those administrative orders, our Supreme Court did not cite any authority in support of tolling legislatively enacted statutes of limitations, other than to suggest that doing so was warranted "[i]n light of the continuing COVID-19 pandemic and to ensure continued access to courts . . . ." AO 2020-3, 505 Mich at cxxvii.[1] Certainly, the Court has the power "by general rules [to] establish, modify, amend and simplify the practice and procedure in all courts of this state." Const 1963, art VI, § 5. However, that power does not extend to "rules that establish, abrogate, or modify the substantive law." *McDougall v Schanz*, 461 Mich 15, 27; 597 NW2d 148 (1999). Those rules must yield to the Legislature's power to "define the public policy of the state." *Shannon v Cross*, 245 Mich 220, 222; 222 NW 168 (1928).

"Statutes regarding periods of limitations are substantive in nature." *Gladych v New Family Homes, Inc*, 468 Mich 594, 600; 664 NW2d 705 (2003). Thus, our Supreme Court lacks the rulemaking power under Const 1963, art VI, § 5, to adopt a rule contrary to a statute of limitations. See *McDougall*, 461 Mich at 27. Therefore, the administrative orders at issue arguably were not authorized by that constitutional provision.

It might be true that the administrative orders were constitutional under the judiciary's general equitable powers to toll a statute of limitations. See *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 589; 702 NW2d 539 (2005). However, as JUSTICE VIVIANO recently observed, "equitable tolling is justified in these circumstances only for court closures or the inaccessibility of courts," and the administrative orders at issue here "went well beyond that because they were not limited to situations in which the courts were closed." *Browning v Buko*, ___Mich ___,___; 979 NW2d 196 (2022) (VIVIANO, J, *dissenting*). Further, I cannot easily identify another principle

---

[1] In contrast, for example, the Court issued Administrative Order No. 2020-6, 505 Mich cxxxi (2020), which required "all judges in Michigan . . . to make a good faith effort to conduct proceedings remotely whenever possible," expressly pursuant to Const 1963, art VI, § 4, the constitutional provision establishing the Court's general superintending control.

-2-

of law that would possibly authorize the judicially crafted administrative orders before us, which modify and amend substantive law.[2]

As a result, defendants present a strong argument that the administrative orders before us are unconstitutional. This Court should address the merits of that argument in an appropriate case.


/s/ Michael J. Riordan

---

[2] I recognize, of course, the serious and uncertain nature of the COVID-19 pandemic at its outbreak. However, it is a longstanding principle of constitutional law that "[e]mergency does not create power. Emergency does not increase granted power or remove or diminish the restrictions imposed upon power granted or reserved." *Home Bldg & Loan Ass'n v Blaisdell*, 290 US 398, 425; 54 S Ct 231; 78 L Ed 413 (1934).