VOIGT BREWERY CO. v. WAYNE CIRCUIT JUDGE.

1. COSTS—APPEAL FROM CIRCUIT COURT COMMISSIONER—DISCRETION OF COURT.

Under 2 How. Stat. §§ 7026, 8307, 9004, the allowance of costs upon the trial of an appeal from a circuit court commissioner in summary proceedings to recover the possession of land is within the discretion of the circuit court.

2. SAME—COURT RULES.

The judges of a particular circuit cannot, by adopting a general rule that no term fees shall be allowed in appeal cases, deprive the trial judge of the right to allow such fees in his discretion.

*Mandamus* by the Voigt Brewery Company, Limited, to compel George S. Hosmer, circuit judge of Wayne county, to award term fees to relator, as a part of its taxable costs. Submitted January 28, 1896. Granted February 18, 1896.

*James A. Randall*, for relator.

*Edwin Henderson*, for respondent.

LONG, C. J. On August 4, 1894, William McCarthy instituted proceedings before a circuit court commissioner of Wayne county to obtain possession of certain premises. The commissioner rendered judgment in favor of the relator, from which McCarthy took a statutory appeal to the circuit court. On the trial in the circuit the court directed verdict in favor of the relator, which thereafter caused its costs to be taxed at the sum of $41.20 by the clerk of that court; but it appears that at that time no final judgment had been entered in the cause. Final judgment was thereafter entered in favor of the relator for full costs. Counsel for McCarthy thereupon moved to set aside the taxation of costs, and that order was granted, with $10 costs against the relator. The costs were afterwards taxed by the clerk at $30.95. Those costs were again set aside by the court, and the parties then agreed that the taxation of costs should be submitted to the court; and the court thereupon allowed the relator full costs, except $10 term fees, and less $10, which had been theretofore awarded McCarthy as costs of said motion. Application is made to this court for a *mandamus* to compel the respondent, as circuit judge, to set aside the order of taxation of costs, and to grant to the relator the $10 term fees, as the case had been regularly noticed and placed upon the docket for two terms of court prior to the term at which the cause was tried.

The petition for the writ sets up that, at the time the court taxed the costs, he stated orally as follows:

"I will say in this case that, when the original judgment was rendered, I had no intention of violating the rule of the court which my brethren and myself had agreed upon; that is, in all appeal cases to disallow term fees. If, in the case at bar, there had been no such rule in existence, I should concede you would be entitled to full costs, and the discretion in this case should have been exercised to give you full costs; but I had no intention of departing from the rule which had been established, and therefore I conceive that the judgment was entered wholly without any consideration of the question by the court, and, having been so entered, it must be amended, and you may recover all the costs which have been taxed, except the term fees."

The circuit judge, in his return to the order to show cause, states that—

"Costs are awarded in the same manner in cases of this nature as in cases of appeals to the circuit court from judgments rendered before justices of the peace. 2 How. Stat. § 8307. By section 7026, 2 How. Stat., it is provided that 'in all cases heard and determined on appeal [from justices of the peace] the costs, or such part thereof as to the court shall seem just, may be awarded to either party,' etc. Inasmuch as the question of the awarding of costs in all appeal cases is left to the discretion of the trial judge, the judges of this court have adopted a rule that in all cases similar to this case, viz., appeals from justices' courts, term fees would not be allowed the prevailing party, because of the inability of concluding the docket at any term; and, complying with this rule, and in the exercise of the discretion vested in me as circuit judge, I ordered a final judgment to be entered in the cause mentioned, allowing relator costs in the sum of $24.95. The only item of costs disallowed in the exercise of my discretion aforesaid was the sum of $10, claimed by relator for term fees for the April and June terms of this court, 1895."

The circuit judge nowhere denies in his return that he delivered the oral opinion herein stated, or that, but for the rule adopted by the judges there, he would have allowed the term fees in the present case. It appears, then, that the circuit judge was of the opinion that the relator

was entitled to its costs, including these term fees, and that costs would have been allowed but for the above rule.

Section 7026, 2 How. Stat., provides that—

"In all cases heard and determined on appeal, the costs, or such part thereof as to the court shall seem just, may be awarded to either party, as the court may deem just and right between the parties in view of the particular circumstances of each case."

Section 8307, in reference to appeals from circuit court commissioners, provides that appeals may be taken "within the same time, in the same manner, and return may be compelled, and the same proceedings shall be thereon had, as near as may be, and with the like effect, as in cases of appeals from judgments rendered before justices of the peace, and costs shall be awarded and collected in the circuit court in the same manner."

Under section 7026 the court is given discretion to award costs as it may deem just and right between the parties. This section has reference to appeals from justices of the peace; and it is evident, from section 8307, that the court shall, on appeals from circuit court commissioners, have the same discretion as to awarding costs. The respondent in the present case, in the exercise of his discretion, thought that costs, including term fees, should be awarded to relator, but felt bound by the general rule made by all the judges of that circuit, which provided that in appeal cases no term fees should be allowed.

Section 9004, 2 How. Stat., provides that—

"For every circuit or term at which a cause is regularly on the calendar, and not reached, or is postponed, excluding that at which it is tried or heard, five dollars: *Provided,* that in all cases heard and determined on appeal, the costs, or such part thereof as to the court shall seem just, in view of the particular circumstances of each case, may be awarded to either party."

So that, by the various provisions of the statute, the term fees, as well as other costs in appeal cases from jus-

tices of the peace and circuit court commissioners, are in the discretion of the trial court. No general rule which the judges of the Wayne circuit may adopt in relation to costs in appeal cases can set aside or override these statutes, nor can such general rule deprive the trial court of the right, in view of the particular circumstances of each case, to award costs to either party. The trial court should be left untrammeled by any set rule to do justice in each particular case as the circumstances may appear to him at the time of the trial, and at liberty to exercise that discretion in awarding costs which these provisions of the statute contemplate. It appearing that the trial judge would have awarded these term fees to the relator but for the above rule, the writ will issue directing the respondent to include the term fees in the taxable costs of the relator.

Some suggestion is made that these statutes have reference only to money judgments which are obtained before justices of the peace, and appeals therefrom, and have no reference to other judgments, or to judgments rendered by circuit court commissioners. We think these statutes cannot be so construed.

The writ will issue as prayed.

The other Justices concurred.