DETROIT LUMBER CO. *v.* OAKLAND CIRCUIT JUDGE.

DISMISSAL—NO PROGRESS—ABUSE OF DISCRETION—REINSTATEMENT.
   Where after a chancery case was at issue it was placed upon the calendar and automatically went upon each succeeding term calendar and finally was transferred to the "no progress" list and dismissed by the court in pursuance of the judicature act (3 Comp. Laws 1915, § 12574), without being reached or ever having been called for hearing, because of stress of business and illness of the judge, although counsel were anxious to try said case and had so advised the court and clerk, its dismissal was premature and not within the discretion of the court.

Mandamus by the Detroit Lumber Company to compel Kleber P. Rockwell, circuit judge of Oakland county, to vacate an order denying a motion to reinstate a cause of action.   Submitted June 3, 1919. (Calendar No. 28,436.)   Writ granted July 17, 1919.

*Berger & Milburn,* for plaintiff.

*Anderson, Wilcox, Lacy & Lawson,* for defendant.

STEERE, J.   On September 13, 1917, the then presiding judge of Oakland county circuit court dismissed for want of prosecution a chancery suit pending in that court, numbered 7155, entitled Detroit Lumber Company *v.* Wilson Construction Co., *et al.,* appearing upon the calendar of that term as a case in which no progress had been made for more than a year.   On learning of this counsel for plaintiff moved to set aside the order of dismissal, which was denied and application was then made to this court for a writ of mandamus to compel defendant, now the judge of said court, to set aside the order of dismissal and reinstate said suit for hearing.   To an order to show cause why a writ should not be granted, return and answer were duly filed presenting issues which resulted in the following order by this court:

"On reading the motion of Detroit Lumber Company, relator, in the above entitled cause, and the brief of said relator, and the answer and brief of respondent thereon, and due consideration thereof having been had by the court.   It is hereby ordered and adjudged that issues be framed in said cause as follows:

"*First:* Did the clerk of the court, of the sixth judicial circuit, for Oakland county, Michigan, mail or deliver to the attorney or attorneys for the relator, a copy of the printed calendar of the September, 1917, term of said court at any time prior to the first day of said term of court?

"*Second:* Was the case of the Detroit Lumber Company, plaintiff, *v.* Wilson Construction Company, *et al.,* defendants, brought in the circuit court for the county of Oakland, in chancery, known as No. 7155 not heard and tried prior to its dismissal on September 13, 1917, by reason of the business of the court being such, prior to that time, that the same was not reached?

"*Third:* Did relator, its agents or attorneys, as plaintiff in the case of Detroit Lumber Company, complainant, *v.* Frank E. Carter, *et al.,* defendants (Case No. 7155, Oakland county circuit court in chancery), make diligent and proper effort to have said cause brought on for trial during its pendency?

"And it is further ordered that these issues be referred and sent down to the circuit court for the county of Lapeer, with directions to take testimony therein and report the same with findings thereon to this court."

Pursuant to this reference the circuit court of Lapeer county had a hearing, took testimony, made findings upon the three issues favorable to plaintiff's contention, and duly reported the same to this court.

The suit in question was begun by plaintiff in the circuit court of Oakland county by a bill of complaint for the enforcement of a mechanic's lien. Various intermediate steps were taken by the respective parties until pleadings were perfected. The case was finally fully at issue by February 29, 1916, although a note of issue was filed by plaintiff on November 20, 1915. It was placed upon the printed calendar of that court for the January term, 1916, and plaintiff's counsel requested the clerk in writing to notify them when the case would be brought on for hearing. It was the custom of the judge of that court during each term to weekly make up his call of cases and give a list of them to the clerk with directions to notify the attorneys representing cases on call that they were set for hearing. Plaintiff's counsel were familiar with that custom. No such notice was ever received by them.

On November 1, 1916, plaintiff's counsel wrote the clerk of the court asking what position the case occupied on the docket and "if possible also let us know about when we may expect it to be reached for trial, as both parties are anxious to have this matter tried and disposed of." To this the clerk replied on November 25, 1916, advising counsel to take the matter up with the judge of the court, who, he suggested, would give a definite date. The case appeared upon the calendar for the January, 1917, term of court and plaintiff's counsel, as suggested by the clerk, wrote the circuit judge on January 10, 1917, asking for a date of hearing, to which the judge replied, on January 21, 1917, stating that after examining the pleadings in the case he estimated it would take at least a week to hear it; that he did not find it profitable to deprive attorneys and clients of an opportunity to be heard in short cases for the sake of disposing of a long one, and in view of the number of cases ahead of it he thought the case would go over until the March term, concluding:

"If all the attorneys live in Detroit, I make the suggestion that you stipulate a transfer of this cause to Wayne county. With ten judges you might be able to get it heard earlier than I can dispose of it."

On receipt of this reply a copy was sent to opposing counsel who were not favorably impressed and offered the suggestion, "It would take more time to get a Wayne county judge to try this case than it would to try the case itself." On March 12, 1917, plaintiff's counsel replied to the judge's letter of January 21st, stating that the matter had been taken up with opposing counsel and the condition of business was such in the Wayne circuit court that they could not get the case on for trial as had been suggested, concluding:

"Therefore we trust you will set a date for trial

207—Mich.—5.

of this matter as early as you can conveniently do so
and have your clerk inform us as to the time you set.
We do not believe the case will take over two days
to try, and will do our utmost to suit your conveni-
ence."

No reply to this letter was received and relying, as
claimed, upon the known practice or custom of that
court in making up weekly calls according to the con-
dition of business, of which the clerk was directed to
notify counsel, they did not press the matter further,
awaiting the time when such case would be reached
and notice given by the clerk. Not having as yet re-
ceived any notice when the then judge's term of office
expired, they wrote his successor in office calling at-
tention to the case and expressing anxiety to have it
disposed of as soon as convenient. In response they
received notice from the clerk that the former judge
had dismissed the case on September 13, 1917, pur-
suant to the provisions of the judicature act relative
to cases in which no progress had been made for a
period of one year, no progress having been made in
their case since February 29, 1916.

Chapter 18 of the judicature act (3 Comp. Laws
1915, § 12573 *et seq.*) introduced a somewhat radical
change from the former method of bringing cases
pending in the circuit courts to trial or final dispo-
sition, and conferred not previously existing initiatory
power on the courts in that particular. Formerly the
courts were powerless to accelerate the progress of
live cases or dispose of the accumulation of dead or
dormant ones, except as counsel on one side or the
other saw fit to initiate action by serving upon the
opposite party notice of trial or hearing, or by some
motion or other application to the court in relation to
a pending case or proceeding. Under the sub-title
"term calendar" of said chapter notices of trial and
hearings are dispensed with and all pending causes

which are at issue, or in default, or appealed cases returned 14 days before the first day of any term are required to be placed upon the term calendar for disposition when reached in their order, and so placed at each succeeding term until disposed of, without note of issue or other notice except that at least five days before the first day of each term a copy of the printed term calendar is required to be mailed or delivered by the clerk to each attorney, or firm of attorneys, representing any case placed upon said calendar. The order of dismissal complained of purports to be made under authority of section 2 of said chapter (section 12574, 3 Comp. Laws 1915) which is as follows:

"Sec. 2. All causes in which no action has been taken or progress made for more than one year unless by reason of the business of the court the same shall not have been reached, shall be placed upon said calendar separate and apart from all other causes, under the following heading: 'Causes in which no progress has been made for more than one year;' and on the first day of each term, any cause appearing under this heading shall be dismissed by the court for want of prosecution, but without prejudice, at the cost of the party by whom it was brought into court, unless cause be then and there shown to the contrary."

In harmony with these new provisions of the judicature act, Circuit Court Rule No. 40 (substituted for former Rule No. 18) provides:

"Previous to each term, the clerk shall prepare a calendar of causes for the term. The same shall be made up in the following order: 1. Criminal cases. 2. Jury civil cases. 3. Non-jury civil cases. 4. Chancery cases. 5. Causes in which no progress has been made for more than one year. The latter shall appear under no other heading.

"Criminal cases shall have precedence. Jury and non-jury and chancery cases shall have precedence in the order of the respective dates of joining issue, or

in appeal causes, the respective dates of filing the appeal."

Supplementary to requirements expressly provided by the statute and rules promulgated by this court under statutory authority, various customs or rules are adopted by the circuit courts for convenient and efficient conduct of their work and the orderly disposal of cases found upon the calendar of each term. They vary somewhat in different circuits, but are of like purpose and familiar to the profession,—such as a preliminary call of the calendar and its rearrangement—providing for a peremptory call with reference to cases soonest for trial in their order, or as agreed—providing a call board where, during the term, a certain number of such cases are posted from day to day for imperative disposition when reached; and often, as was the custom in the Oakland court, with directions to the clerk to advise counsel so far as possible that their cases are on peremptory call. To what extent counsel can as a matter of strict legal right claim protection under such customs might, perhaps, be questioned, but need not be determined here. Counsel are, however, by statute entitled to receive from the clerk a copy of the term calendar containing cases for which their names appear of record. In this case, upon the issue framed, it was returned as a finding that counsel for plaintiff were not furnished a calendar for the term at which the case was dismissed. The correctness of this finding is denied by defendant and debated in the briefs of counsel, as are various other points raised by the respective sides which need not be considered as we view the controlling issue.

Though disputed, it may be conceded that in a legal sense no progress was made in this case for over a year before it was put upon the September, 1917, calendar of the court under the "no progress" heading

and dismissed; but the testimony is convincing that no progress was made during the preceding year by reason of the business of the court being such that the case was not reached in its order upon the calendar nor placed on call for hearing by the court. After the case was ripe for hearing it automatically went upon each succeeding term calendar until disposed of. The next regular step in its progress was to try it when reached in its order. Counsel had no control over that feature of its progress. Neither had the court arbitrary power to otherwise deal with and dispose of it until it was reached. When so reached plaintiff's counsel were entitled to have it tried as they had advised the court and clerk they were anxious to do. When reached and called for trial the court could, and usually would, hear the case, or dismiss it if no counsel responded to the call.

It was shown that the work of that court had recently much increased, that the then presiding judge was not in good health and the volume of business was such that outside judges were at times called in to assist, and many cases went over from term to term. The clerk testified they were never "able to clear up the docket" and that this case was never marked on his calendar or records as on call or reached for trial. Of his duties and the custom of the court in that particular, he said:

"Instead of having the office make up the call he (the judge) made up his own call week by week and handed the list over to me with instructions to notify them (the attorneys) with regard to their cases."

The case was prematurely placed upon the calendar under the "no progress" heading. After it was at issue ready for trial its place upon the term calendars was under its proper heading amongst chancery cases, "with precedence in the order of the respective dates of joining issue." It was entitled to be so continued

until reached in its order and duly called for hearing. Its transfer to the "no progress" list and dismissal were premature, and not within the discretion of the court.

The court having refused to retain jurisdiction, defendant's contention against the remedy invoked is not well founded. *Huddleston* v. *Amos & Co.*, 180 Mich. 253.

The writ will issue as prayed for.

BIRD, C. J., and OSTRANDER, MOORE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.