SEZOR v. PROCTOR & GAMBLE SOAP CO.

1. MANDAMUS—CIRCUIT JUDGE—DISCRETION.
   The writ of mandamus to compel a circuit judge to take certain action issues as a matter of right only when his duty is imperative and not discretionary.

2. COURTS—DISCRETION OF COURT—REINSTATEMENT OF CASE.
   Order reinstating case involving personal injury claim in circuit court after dismissal for lack of progress was a matter of right if insufficient notice of dismissal was given to plaintiff and her attorney, and if sufficient notice was given, it was a matter of discretion with which Supreme Court does not ordinarily interfere (3 Comp. Laws 1929, § 14255).

Appeal from Wayne; Jayne (Ira W.), J. Submitted April 3, 1934. (Calendar No. 37,647.) Decided June 4, 1934.

Case by Anna Sezor against Proctor & Gamble Soap Company, a foreign corporation, and another for personal injuries. From order reinstating case for trial, defendants bring appeal in the nature of mandamus. Writ denied.

*Harry J. Lippman,* for plaintiff.

*Stevens T. Mason* and *Walter A. Mansfield,* for defendants.

EDWARD M. SHARPE, J. In August, 1929, plaintiff began suit for personal injuries suffered in an automobile accident which occurred May 13, 1929. This suit was discontinued and the present suit was begun July 18, 1930. August 11, 1930, the defendants entered their answer and plea to the declaration filed. No further proceedings having been had, the case appeared on the no progress call of the Detroit Legal News for Monday, September 28, 1931. On October 1, 1931, an order was made dismissing the cause. The cause lay dormant until March 14, 1933, when plaintiff filed a motion to vacate the dismissal. This motion was heard and granted on October 6, 1933, and on October 12, 1933, the order reinstating the cause for trial was entered.

Plaintiff claims that she was unaware until February 20, 1933, that the cause of action had been dismissed for want of progress, having been advised by her attorney that the action was still pending; that no calendar of causes in which no progress had been made for a year had been mailed to plaintiff or her attorney as provided by 3 Comp. Laws 1929, § 14255; and that it was within the discretion of the trial court to reinstate said cause.

Defendants contend that plaintiff had sufficient notice of the no progress call and that, it having

been shown on the hearing that defendants' driver and other occupants of the car were unavailable as witnesses, their whereabouts being unknown, the reinstatement of the cause for trial was an abuse of discretion by the lower court. Defendants and appellants ask this court for a writ of mandamus ordering the circuit judge to vacate his order of reinstatement.

The writ of mandamus is not a writ of right. *Johnson* v. *Board of Supervisors of Ionia County,* 202 Mich. 597. It will be granted as a matter of right only when the duty of the circuit judge is imperative and not discretionary. *Rex* v. *Hughes,* 3 Ad. & E. 425 (111 Eng. Repr. 475).

Assuming that the publication of the no progress call was insufficient notice to plaintiff and her attorney, the court had no jurisdiction to enter the order dismissing the case and consequently the order of reinstatement was a matter of right and not of discretion. *Detroit Lumber Co.* v. *Oakland Circuit Judge,* 207 Mich. 62. On the assumption that sufficient notice had been given, the issuance of an order of reinstatement was a matter within the discretion of the lower court. Ordinarily this court does not interfere with the exercise of discretion by the lower court. *People, ex rel. Hoffman,* v. *St. Clair Circuit Judge,* 37 Mich. 131; *Breisacher* v. *Judge of Recorder's Court of Detroit,* 223 Mich. 254; *Globe Indemnity Co.* v. *Richer,* 264 Mich. 224.

We find no abuse of discretion by the lower court. The writ will be denied, with costs.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.