REYNOLDS v. DOBBERTIN.

1. COURTS — PRETRIAL CONFERENCE — COURT RULES — NO-PROGRESS CASES.

  The failure of a circuit court to order a rule-required pretrial conference does not suspend the operation of the no-progress statute (CL 1948, § 618.2; Court Rule No 35, § 4 [1945]).

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur, Dismissal, Discontinuance and Nonsuit § 77 *et seq.*
[2] 17 Am Jur, Dismissal, Discontinuance and Nonsuit § 121.

2. DISMISSAL AND NONSUIT—NO-PROGRESS CASES—REINSTATEMENT—
  DISCRETION OF COURT.

  Whether or not a case. which has been dismissed for, want of
    progress may be reinstated is a matter of judicial discretion
    and denial of reinstatement will not be disturbed in the absence
    of an abuse of discretion (CL 1948, § 618.12). .

Appeal from Calhoun; Coleman (Creighton R.),
J. Submitted January 2, 1962. (Docket No. 4, Cal-
endar No. 49,361.) Decided March 19, 1962.

Case by Otis E. Reynolds against John F. Dob-
bertin and Ivan B. Oberg, doing business as Dob-
bertin-Oberg Company, and another for personal
injuries sustained while engaged in construction
work. Case dismissed for no progress. Motion to
reinstate denied. Plaintiff appeals. Affirmed.

*Robert S. Feldman* (*Henry W. Gleiss*, of counsel),
for plaintiff.

*Cholette, Perkins & Buchanan* (*Don V. Souter*, of
counsel), for defendants.

PER CURIAM. This suit for negligence was filed in
the Calhoun circuit May 28, 1958. The suit was dis-
missed as to one of the defendants (Potterville
School District) by order dated September 26, 1958.
Answer of the remaining defendants was filed De-
cember 30, 1958.

The clerk duly placed the cause on the no-progress
docket of the May 1960 calendar of the Court. De-
fendants' counsel timely received their copy of the
term calendar. Plaintiff's attorneys insist no copy
was received by them. The cause was dismissed by
order dated May 2, 1960, for want of progress under
the statute (CL 1948, § 618.2 [Stat Ann § 27.982]).
Plaintiff's motion to reinstate, filed January 10, 1961,
was denied May 25, 1961. He appeals.

Plaintiff's attorneys contend they were neither apprised nor informed that the cause had been placed on the no-progress docket; that the cause was at issue; and that the parties were merely waiting for a notice of pretrial hearing from the circuit judge. They refer to the "shall" mandate appearing in the first line of section 4 of Court Rule No 35 (1945),* and insist that failure of the court to order the rule-required pretrial conference suspended, in some way, operation of the cited no-progress statute. No authority for such proposition is cited, and we independently find none.

The presented question is one of judicial discretion, and no abuse thereof has been made to appear. See the controlling cases of *Robinson* v. *Washtenaw Circuit Judge,* 242 Mich 548; *Sezor* v. *Proctor & Gamble Soap Co.,* 267 Mich 128; and *Hoad* v. *Macomb Circuit Judge,* 298 Mich 462.

Affirmed.   Costs to defendant-appellees.

DETHMERS, C. J., and CARR, KELLY, BLACK, KAVANAGH, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.

---

* See revision of section 4 effective July 1, 1958, in 352 Mich xv.— REPORTER.