PRINE *v.* HATFIELD.

1. APPEAL AND ERROR—DISMISSAL FOR LACK OF PROGRESS—DISCRE-
TION OF COURT.

> Reinstatement by trial court of a case after dismissal for lack
> of progress is a matter of discretion with which an appellate
> court will not ordinarily interfere.

2. SAME — LACK OF PROGRESS — DISCRETION OF COURT — REINSTATE-
MENT.

> Reinstatement by trial court of action for accounting after it
> had been dismissed for lack of progress for the third time,
> and reinstatement was opposed by defendant, *held,* not an
> abuse of discretion.

3. EQUITY — ACTION FOR ACCOUNTING — JURISDICTION — RENTS AND
PROFITS.

> Equity has jurisdiction to entertain an action for accounting
> for rents and profits from a farm managed by defendant for
> plaintiff for over 20 years, where both parties ask for an ac-
> counting, and admit that an agreement was made but that
> its terms were "vague and indeterminable."

4. ACCOUNTING—FARMS—INCOME—EVIDENCE.

> Finding of trial court that plaintiff landowner was entitled to
> 4/5ths of net income from her farm managed for over 20
> years by defendant on basis of an informal arrangement, where
> the accounting was based solely on receipts, bankbooks, and
> exhibits offered into evidence by the parties *held,* supported
> by the record.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 24 Am Jur 2d, Dismissal, Discontinuance and Nonsuit § 89.
[3, 4, 6] 1 Am Jur 2d, Accounts and Accounting § 50 *et seq.*
[5] 1 Am Jur 2d, Accounts and Accounting § 55.
[7] 1 Am Jur 2d, Accounts and Accounting § 58.

5. TORTS—DAMAGES—REASONABLE INFERENCES.

Damages arising from tortious conduct of defendant may be granted, where evidence shows the extent of damages as a matter of just and reasonable inference.

6. ACCOUNTING—FARM—VALUE OF MANAGER'S SERVICES.

Finding of trial court in action for accounting of rents and profits from plaintiff's farm which had been managed by defendant for over 20 years on basis of an informal agreement that plaintiff intended to reimburse defendant for his services but that $100 per year was too much since the average income from the property was less than $350 per year, and the services varied greatly in amount and quality *held*, supported by the record.

7. SAME—FIDUCIARY—LIMITATION OF ACTIONS.

The statute of limitations will not be applied in equity to defeat a suit for accounting, where it appears that fiduciary relations existed between the parties (CLS 1961, § 609.13).

Appeal from Calhoun; Coleman (Creighton R.), J. Submitted Division 3 April 6, 1966, at Grand Rapids. (Docket No. 1,239.) Decided November 9, 1966.

Complaint by Lelia Prine against Louis Palmiter for an accounting of rents and profits from land of plaintiff managed by defendant. Judgment for plaintiff. Defendant appeals. Reid Hatfield, administrator of the estate of William Louis Palmiter, deceased, substituted as party defendant. Affirmed.

*Cyrus J. Goodrich,* for plaintiff.

*Golden & Golden,* for defendant.

BURNS, P. J. This is an appeal from a judgment in an action for accounting by defendant in which review is sought of reinstatement of the cause of action after a third dismissal of the cause for lack of progress.

The cause of action had been dismissed 3 times pursuant to the local non-progress court rule[1] which was taken verbatim from CL 1948, § 618.2 (Stat Ann § 27.982). In accordance with the customary policy followed by the circuit court of attempting to bring cases before it to be determined on their merits, the cause of action was reinstated for the third time after argument was made by both sides. Appellant argued against reinstatement on the grounds that the court could not place the case back on the docket without stipulation by the appellant's attorney. On previous occasions, counsel had stipulated to reinstatement and then had apparently agreed to a third stipulation for reinstatement. However, appellant's attorney refused to sign the stipulation form, claiming to have agreed under a mistake as to which case appellee's attorney was referring when the agreement was made. Appellant also alleges, in an amended pleading, that the order for reinstatement was made after the 6-year period of limitations, thus barring this action.

It is well settled in Michigan law that reinstatement of a case after dismissal for lack of progress is a matter of discretion with which an appellate court does not ordinarily interfere. *Sezor* v. *Proctor & Gamble Soap Co.* (1934), 267 Mich 128.

There is no abuse of discretion shown in the reinstatement of this cause of action by the circuit court. *Reynolds* v. *Dobbertin* (1962), 366 Mich 162. Nor

---

[1] "All causes in which no action has been taken or progress made for more than 1 year unless by reason of the business of the court the same shall not have been reached, shall be placed upon said calendar separate and apart from all other causes, under the following heading: 'Causes in which no progress has been made for more than 1 year,' and on the first day of each term, any cause appearing under this heading shall be dismissed by the court for want of prosecution, but without prejudice, at the cost of the party by whom it was brought into court, unless cause be then and there shown to to the contrary." Non-Progress Rule, Calhoun Circuit Local Rule No 3. For current rule, see Local Rule No 6.1, effective June 15, 1964.

is any indication of laches evidenced or claimed. *Sayre* v. *Detroit, G. H. & M. R. Co.* (1917), 199 Mich 414. The circuit court is to be commended for attempting to decide the various claims made by the parties in this case. The assistance rendered by the attorneys has been negligible. While appellee's attorney is less culpable, the lack of diligence practiced on both sides is inexcusable.

Both parties have asked the court for an accounting. Yet, appellant claims that since the circuit court did not find a contract, appellee is not entitled to an award. However, both parties admit that an agreement was made but the terms are vague and indeterminable. This arrangement was carried on for 20 years, from 1936 to 1956. Over this period of time various receipts have been accumulated and the parties have testified as to various activities performed under this agreement. It was from these sources that the circuit judge attempted to arrive at some just and equitable distribution of the funds. A suit for an accounting could be maintained under these facts. *County of Cass* v. *Shattuck* (1939), 288 Mich 555.

Appellant alleges that since an agreement which specifically states the duties to be performed cannot be found, the damages are too speculative to be determined. Although the court may determine damages where evidence shows the extent of damages as a matter of just and reasonable inference, the trial court in the instant case has not chosen to do so. *Cocktail Arbor, Inc.,* v. *Drieborg* (1940), 294 Mich 332. The accounting was based solely on receipts, bankbooks, and exhibits offered into evidence by the parties.

Appellee was credited with $4,990.65. To this amount there must be added the sum of $1,516.53 deposited in the Prine-Palmiter account April 30, 1955, and found to have been withdrawn by appel-

lant. Appellant was found to have made expenditures amounting to $2,036.76. Appellant withdrew $1,201.25 purportedly for payment for services rendered.

The court found that the appellee intended to reimburse the appellant for his services but that the $100 a year claimed by appellant as the value of his services was too high since "the services varied too greatly, both in amount and quality, to justify such a measure."

The average income produced from the property, as indicated by the evidence shown, was less than $350 a year. Appellant was allowed a "commission" of 20% on the income produced ($6,511.18), or an amount of $1,302.24. The court found for appellee in the amount of $3,172.18.

$6,511.18 (Sum of rents and profits from crops and bank balance)

−2,036.76 (Expense & upkeep)

4,474.42

−1,302.24 (20% of $6,511.18 for reimbursement of services performed by appellant)

$3,172.18

Damages were not assessed against the appellant since the court could not find "that defendant [Palmiter] promised to undertake to rent the premises at any particular amount, for any particular time, or to maintain the property in any particular manner."

There is no indication that the court's attempt at rendering an accounting from the evidence presented to it was without basis. If anything, the court could be found to have been more than generous in allowing a 20% "commission" to appellant.

Appellant further contends that not only was error committed in the reinstatement of the case, but since the case was not reinstated until October 12, 1962,

the action was barred by the statute of limitations.[2] By appellant's own admissions, he was collecting rents and generally looking after appellee's property. Once he undertook to perform these services, his relationship to appellee was one of a fiduciary. The statute of limitations will not be applied in equity to defeat a suit for accounting where it appears that fiduciary relations existed between the parties. *Harper* v. *Corcoran* (1911), 166 Mich 474.

Judgment affirmed. Costs to appellee.

Fitzgerald, J., concurred.

The late Judge Watts, who was a member of the panel of judges to whom this case was submitted for determination, took no part in this decision.

[2] See CLS 1961, § 609.13 (Stat Ann 1959 Cum Supp § 27.605).