CORLEY v. KRAWCZAK

DISMISSAL AND NONSUIT—NO PROGRESS—NOTICE OF DISMISSAL—RE-
INSTATEMENT—DISCRETION OF THE COURT.

> Notice published in a legal newspaper 10 days before the date
> of dismissal is sufficient and proper notice to plaintiff of pend-
> ing dismissal of his action after it is placed on the no-progress
> docket for lack of progress; denial of plaintiff's motion for
> reinstatement of the cause of action is within the discretion of
> the trial court and will not be disturbed on appeal in the ab-
> sence of an abuse of discretion (GCR 1963, 501.3; 502.4;
> Wayne circuit court rule 17.2).

Appeal from Wayne, Victor Baum, J. Submitted
Division 1 January 7, 1969, at Detroit. (Docket No.
4,709.) Decided February 26, 1969.

Complaint by Henry Corley against Leonard R.
Krawczak for negligence in operation of a motor
vehicle. Action dismissed for lack of progress.
Plaintiff appeals. Affirmed.

*Frances R. Avadenka,* for plaintiff on appeal.

*Sullivan, Sullivan, Hull & Ranger,* for defendant.

BEFORE: LESINSKI, C. J., J. H. GILLIS and T. M.
BURNS, JJ.

REFERENCE FOR POINTS IN HEADNOTE
24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 90.

PER CURIAM. The Wayne county circuit court dismissed plaintiff's cause of action for lack of progress. Plaintiff appeals from the dismissal and from the circuit court order denying plaintiff's motion to reinstate the cause.

In his appeal, plaintiff sets forth one issue which can best be discussed in the form of three contentions. First, plaintiff contends he did not receive proper notice of imminent dismissal of the cause, as notice was never published listing the action on the no-progress calendar. However, a review of the record discloses that notice was properly published in the Detroit Legal News on the last working day of the September term, pursuant to GCR 1963, 501.3 and 502.4, and Wayne circuit court rules 10.5 and 17.3.

Second, plaintiff contends the trial court acted contrary to the Michigan and Wayne circuit court rules in ordering dismissal. However, analysis of the facts indicates that plaintiff's cause of action was placed on the no-progress calendar pursuant to GCR 1963, 502.4, after a year of inaction. Notice was published September 30, 1966. The cause would have been dismissed October 10, 1966 but for the filing on that date of a forged "ready for pretrial certificate." No further progress in the case was noted. On August 25, 1967, the trial court invalidated the pretrial certificate after determining it to be a forgery. The court then ordered dismissal of the cause for no progress in accordance with the court's no-progress calendar published for the month of October, 1966. In so dismissing this cause, we find the circuit court fully complied with the court rules, and especially Wayne circuit court rule 17.2.

Plaintiff further asserts the circuit court erred in denying plaintiff's motion for reinstatement of his cause of action. Michigan case law is clear that

where a case is dismissed for want of progress after sufficient notice to plaintiff, issuance of an order of reinstatement is within the discretion of the trial court. Denial of reinstatement will not be disturbed by this Court in the absence of an abuse of discretion. *Reynolds* v. *Dobbertin* (1962), 366 Mich 162; *Sezor* v. *Proctor & Gamble Soap Co.* (1934), 267 Mich 128; *Robinson* v. *Washtenaw Circuit Judge* (1928), 242 Mich 548; *Prine* v. *Hatfield* (1966), 5 Mich App 57.

Affirmed. Costs to appellee.