DEL PRADO MOTEL, INC., *v.* CHARLES J. ROGERS, INC.

OPINION OF THE COURT

1. COURTS—COURT RULES—DISMISSAL OF ACTION—REINSTATEMENT.
   Reinstatement of action for negligent injury to property 13½ months after dismissal for lack of progress *held*, reversible error violative of the local court rule which bars reinstatement more than one year after such dismissal (Wayne County Circuit Court Rule 17.7).

CONCURRING OPINION

LEVIN, J.

2. COURTS—COURT RULES—REINSTATEMENT OF ACTIONS.
   *Where court rule mandates that reinstatement of a case dismissed for lack of progress "in no event" shall be reinstated after a year has elapsed from the date of dismissal, "in no event" must be read as meaning "no exceptions, even in meritorious cases" (Wayne County Circuit Court Rule 17.7).*

Appeal from Wayne, Kaufman (Charles), J. Submitted Division 1 June 12, 1968, at Detroit. (Docket No. 3,651.) Decided December 19, 1968. Rehearing denied March 8, 1969. Application for leave to appeal filed March 27, 1969.

Complaint by Del Prado Motel, Inc., a Michigan corporation, against Charles J. Rogers, Inc., a Michigan corporation, to recover damages for negligent injury done to property. Cause dismissed for lack of progress. Case reinstated upon plaintiff's motion. Defendant appeals. Reversed and remanded.

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 80, 90.

*Arthur T. Iverson,* for plaintiff.

*Sullivan, Sullivan, Hull & Ranger,* for defendant.

PER CURIAM.  This appeal places before this Court the question of the meaning and efficacy of rule 17.7 of the Wayne County Circuit Court.    Plaintiff's complaint seeking damages for negligent injury done to property was filed on August 12, 1963.  Defendant filed its answer and demand for jury on August 27, 1963.    On December 13, 1965, the cause was dismissed for lack of progress for a period of one year.    On January 30, 1967, 13-1/2 months after dismissal, the case was reinstated upon the plaintiff's motion.    Defendant, on leave, challenges the order of reinstatement.

Rule 17.7 in dealing with reinstatement from the no progress calendar or after dismissal for lack of progress provides:

"In no event shall an action be reinstated more than two times, nor after a year has elapsed from the date of dismissal."

While it is true that reinstatement is discretionary and that appellate courts ordinarily do not interfere with the exercise of such discretion (*Sezor v. Procter & Gamble Soap Co.* [1934], 267 Mich 128; *Reynolds* v. *Dobbertin* [1962], 366 Mich 162; and *Prime* v. *Hatfield* [1966], 5 Mich App 57), the pertinent cases did not deal with language similar to that of rule 17.7 which is mandatory and prohibits the use of the discretion here exercised by the lower court in granting the reinstatement.    Therefore, unless the rule is invalid or unenforceable, the lower court must be held to have erred in exercising discretion where such is not allowed.

Plaintiff claims that reinstatement ought to be allowed because plaintiff had no notice of the impending dismissal—nor of the fact of dismissal after it was entered. This argument must fail because the certified concise statement of facts indicates the "cause was dismissed from the Wayne circuit court on the no progress docket *in accordance with the rules of the third judicial circuit.*" (Emphasis added.) Rule 17 of the third judicial circuit requires notice to be published in the Detroit Legal News. Compliance is sufficient notice.

Plaintiff cites a number of cases where local rules were struck down as being opposed to some substantive law. *Shannon* v. *Ottawa Circuit Judge* (1928), 245 Mich 220; *Saylor* v. *Taylor* (1896), 77 F 476; *Voigt Brewery Co.* v. *Wayne Circuit Judge* (1896), 108 Mich 356; *Goodspeed* v. *Smith* (1910), 161 Mich 688. In all these cases certain specific substantive rights or statutes were held to be in conflict with the rule. In line with those decisions and recognizing the underlying basis for them, plaintiff seeks to make this rule conflict with the statute of limitations and therefore to be held invalid. Such an argument, born of necessity and ingenious, cannot be allowed to stand. According to this argument the rule as to dismissal for lack of progress itself can be in conflict with the statute of limitations. The exercise of the asserted discretion of trial judges to deny reinstatement can be claimed to be in conflict with a statute of limitations. Any dismissal without prejudice for any reason known to the law can be subjected to the same argument. The only requirement necessary to apply plaintiff's argument is that the statute of limitations must have run on the claim for, if the statute of limitations had not run, plaintiff need only recommence the action. The statute of limitations argu-

ment is simply not appropriate. *Hoad* v. *Macomb Circuit Judge* (1941), 298 Mich 462.

In recognition of the difficulty here, it must be pointed out that within the framework of the General Court Rules, appropriate legislation and the Constitutions of the State of Michigan and of the United States, circuit courts are free to adopt their own rules and, subject to the approval of the Supreme Court, they may deal with appropriate subjects in any fashion they desire. GCR 1963, 927. The third judicial circuit has chosen to bar reinstatements more than one year after the entry of the order of dismissal. This rule has been approved by the Supreme Court. Once adopted and approved, rules must be followed. The third circuit having chosen to adopt a rule which bars the exercise of discretion, each member of that court is bound by it.

Reversed and remanded with instructions to dismiss. Costs to defendant.

T. G. KAVANAGH, P. J., and LEVIN and NEWBLATT, JJ., concurred.

LEVIN, J. (*concurring*). If the local court rule in question had simply provided that a motion to reinstate "shall be filed" within 1 year of the dismissal for lack of progress, I would have been inclined to vote to interpret the rule as allowing a circuit judge to grant reinstatement out of time. See *Guastello* v. *Citizens Mutual Insurance Company* (1968), 11 Mich App 120, 132, *et seq.* But the rule as written leaves no room for that interpretation. The words "in no event" must be read as meaning "no exceptions, even in meritorious cases."

The general court rules now provide that no local rule shall become effective until approved by the

Supreme Court (GCR 1963, 927[2]) but that requirement was not added until November 2, 1964. Previously rule 927 (2) required advance notice to the Supreme Court of the proposed adoption of a local rule, and stated that the adoption or continuance of local rules was subject to the superintending control of the Supreme Court, but did not state that a local rule would not become effective until approved by the Supreme Court. It is not clear whether the local rule in question has been approved by the Supreme Court. Be that as it may, it is entirely clear that if there is to be a change for this or future cases in this local rule which denies to Wayne circuit judges powers enjoyed by circuit judges in jurisdictions which do not have such a local rule, such change must be made by the Supreme Court. Const 1963, art 6, §§ 4, 5.

The facts and circumstances of this case demonstrate the impolicy of a hard-and-fast rule denying to any court short of the Supreme Court power to make exceptions in particular cases. Such power, if conferred, would, like all dispensing power, be subject to a rule of reason and to review for abuse of discretion.

T. G. KAVANAGH, P. J., concurred with LEVIN, J.