HANOSH *v.* NICK

DISMISSAL AND NONSUIT—NO PROGRESS—REINSTATEMENT—DISCRE-
TION OF THE COURT—APPEAL AND ERROR.

Denial of plaintiff's motion for reinstatement of his cause of
action, after it was dismissed for lack of prosecution, was
within the discretion of the trial court and will not be
disturbed on appeal in the absence of an abuse of discretion,
where: (1) the attorney of record alleges that he entrusted the
case to another attorney who suffered a stroke and became
incapacitated three months before the dismissal of the case,
(2) notice to substitute attorneys was not filed, and (3) the
attorney of record claims no knowledge of the status of plain-
tiff's action in the proceedings below (GCR 1963, 502.4; Wayne
Circuit Court Rule 17.2).

Appeal from Wayne, Harry Dingeman, Jr., J.
Submitted Division 1 October 7, 1970, at Detroit.
(Docket No. 6,369.)   Decided December 3, 1970.
Leave to appeal denied June 3, 1971.   385 Mich 753.

Complaint by Virginia Hanosh against Theodore
Nick for personal injuries resulting from an auto-
mobile accident.   Complaint dismissed for want of
prosecution.   Plaintiff's motions to reinstate the
action and for rehearing denied.   Plaintiff appeals.
Affirmed.

REFERENCES FOR POINTS IN HEADNOTE
4 Am Jur 2d, Appeal and Error §§ 105–108.
Reinstatement, after expiration of term, of case which has been
voluntarily withdrawn, dismissed, or nonsuited. 111 ALR 767.

*Sullivan, Sullivan, Ranger & Ward,* for plaintiff on appeal.

*Rouse, Selby, Dickinson, Shaw & Pike* (by *Timothy J. Sullivan*), for defendant.

Before: Lesinski, C. J., and Bronson and Engel,* JJ.

Per Curiam. The instant case arises out of an automobile accident which occurred on January 27, 1961. Suit was commenced in Wayne County Circuit Court on January 27, 1964, the final day before expiration of the applicable statute of limitations. Defendant appeared on March 16, 1964, and at that time filed interrogatories to which no answers were filed by the plaintiff. The defendant deposed the plaintiff on August 18, 1965, but no further pretrial discovery was obtained by counsel for defendant although the record discloses that defendant requested further discovery. The action was placed on the no progress calendar pursuant to GCR 1963, 502.4 and Wayne Circuit Court Rule 17.2. Notice thereof was properly published, but no remedial action having been taken by the plaintiff, the suit was dismissed on December 12, 1966, for want of prosecution. Plaintiff filed a motion to reinstate exactly one year after the dismissal. The motion to reinstate was denied, as was plaintiff's subsequent motion for rehearing.

At the outset, we note that plaintiff's attorneys on appeal were substituted for the attorney of record on May 13, 1968. Therefore, references contained within this opinion respecting the dilatory manner in which the case was conducted by the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

plaintiff's attorney in the proceedings below should not be construed to reflect upon appellate counsel.

The sole issue to be considered on appeal is whether the trial court erred by denying plaintiff's motion to reinstate the case after it was dismissed for lack of prosecution. For the reasons set forth below, we find the trial court did not err.

The plaintiff argues that the trial court abused its discretion by denying the motion to reinstate in the instant case because the attorney "in charge" of plaintiff's case in the proceedings below suffered a serious illness which totally incapacitated the attorney. Plaintiff cites cases from other jurisdictions which waive the strict no-progress rules where there is a strong showing of illness or incapacity on the part of a party's attorney.

The cases cited by the plaintiff are distinguishable from the instant case. The cited cases involve situations where the illness of counsel left the client without representation. In the instant case, there is no allegation that the plaintiff's attorney of record in the proceedings below became ill or incapacitated. Rather, the attorney of record alleges that he entrusted the case to another attorney who suffered a stroke and became incapacitated approximately three months before the dismissal of the instant case.

The deposition of the incapacitated attorney is part of the record on appeal, and his testimony indicates that he is quite unclear concerning the instant case other than "it was just pending". Although a notice to substitute attorneys was not filed, the attorney of record claims no knowledge of the status of plaintiff's action in the proceedings below.

The rule of law in Michigan regarding appellate review of the lower court ruling on a motion to

reinstate a case, which has been dismissed for want of progress, is well established. We quote with approval from this Court's decision in *Corley* v. *Krawczak* (1969), 16 Mich App 176, 177, 178:

"Michigan case law is clear that where a case is dismissed for want of progress after sufficient notice to plaintiff, issuance of an order of reinstatement is within the discretion of the trial court. Denial of reinstatement will not be disturbed by this Court in the absence of an abuse of discretion. *Reynolds* v. *Dobbertin* (1962), 366 Mich 162; *Sezor* v. *Procter & Gamble Soap Co.* (1934), 267 Mich 128; *Robinson* v. *Washtenaw Circuit Judge* (1928), 242 Mich 548; *Prine* v. *Hatfield* (1966), 5 Mich App 57".

While we cannot tell from the record whether the primary fault for the neglect lies with the client or the attorney, still the record is clear that a full year passed after the dismissal of the case before a motion to reinstate was filed. Seven and one-half years passed between the time of the accident and the first hearing of this matter. Certainly there are reasons for permitting a full and fair hearing on all meritorious claims. But statutes and court rules limiting actions have a sound grounding in public policy. It is unfair to have lawsuits dangling over a defendant's head for an unreasonable length of time; it is likewise unfair to expect witnesses to remain available and to keep their memories lucid for an extended period of time.

On the record before us, we cannot conclude that the trial court abused its discretion in denying plaintiff's motion to reinstate the cause of action.

Judgment affirmed. Costs to defendant.