## LINDSEY v. RAYMOND

1. COURTS — COURT RULES — NEW RULES — AMENDMENTS — APPLICABILITY.

   A new court rule or an amendment to a rule may, as a general rule, be applied only to cases pending at the time of adoption or amendment of the rule or to cases filed subsequent to the rule's adoption.

2. COURTS—COURT RULES—AMENDED RULE—PENDING CASE.

   Cause of action was not pending on the effective date of a Wayne County Circuit Court Rule amendment, which eliminated the prohibition against reinstatement of a cause after the elapse of a year from date of dismissal, where plaintiff's case was dismissed for lack of progress on January 8, 1968, the one-year limitation against reinstatement expired on January 8, 1969, and the amended court rule was not effective until December 1, 1969; therefore, reinstatement of plaintiff's cause on May 8, 1970 was error (Wayne County Circuit Court Rule, 17.7).

Appeal from Wayne, Thomas Foley, J. Submitted Division 1 May 5, 1971, at Detroit. (Docket No. 9872.) Decided June 25, 1971. Leave to appeal denied, 386 Mich 752.

Complaint by Homer Lindsey and Mary Lindsey against Harvey Raymond, Sr., and Harvey Raymond, Jr., for damages arising out of an automobile accident. Complaint dismissed for no progress, and reinstated. Defendants appeal. Reversed.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 20 Am Jur 2d, Courts § 85.

*Perry & Bahen,* for plaintiffs.

*Coticchio & Zotter,* for defendants.

Before: V. J. Brennan, P. J., and J. H. Gillis and T. M. Burns, JJ.

Per Curiam. This case arises out of an automobile accident which occurred on November 6, 1963. The complaint in this action was filed on September 30, 1966, with service being perfected on October 4, 1966. On November 17, 1966, a praecipe for causes ready for trial was filed. On January 8, 1968, an order was entered dismissing the cause as no progress had been made for a period of one year.

At the time this action was dismissed the Wayne County Circuit Court Rules made the following provisions for reinstatement of causes dismissed for no progress:

"Rule 17.7 Fee for Reinstatement.
"If an action is reinstated by order of the judge on motion, the moving party shall pay costs in the amount of $10.00 to the Clerk of the Court the first time it is reinstated and $25.00 to the Clerk of the Court the second time it is reinstated. In no event shall an action be reinstated more than two times, nor after a year has elapsed from the date of dismissal."

On December 1, 1969, court rule 17.7 was amended by order of the Wayne County Circuit bench. The amendment eliminated the following wording:

" * * * nor after a year has elapsed from the date of dismissal."

On January 23, 1970, a ready for pretrial certificate was filed in this cause. A motion to reinstate the cause of action was filed on April 2, 1970, and the

order granting the reinstatement was entered on May 8, 1970.

The defendant claims on appeal that it was improper for the trial judge to reinstate this cause, because at the time this action was dismissed it was subject to the one-year limitation in the old rule 17.7. The plaintiff argues that at the time the case was reinstated it was subject to the new court rule and it was properly reinstated under the new court rule.

It is clear that if the old court rule was applicable to this case it could not be reinstated after a year had elapsed from the time of dismissal. *Del Prado Motel, Inc.* v. *Charles J. Rodgers, Inc.* (1968), 14 Mich App 728. The general rule is that a new court rule or an amendment thereto may be applied only to cases which are pending at the time the rule is adopted or which are filed subsequent to the adoption of the rule. See 21 CJS, Courts, § 176c, p 281. The question is whether this cause was pending at the time the new rule was adopted. As noted above this case was originally dismissed on January 8, 1968. At the time it was dismissed it was subject to the one-year limitation found in Wayne County Court Rule 17.7. That one-year limitation would have expired on January 8, 1969. The amended court rule was not effective until December 1, 1969. We find, therefore, that this action was not pending when the new court rule was adopted and therefore that the trial judge acted improperly in reinstating the action.

For the foregoing reasons the order of the trial court reinstating this cause of action is hereby reversed.

Reversed.