## LUD v SAMMONS

### Opinion of the Court

1. Dismissal and Nonsuit—Lack of Progress—Excusable Neglect —One-Year Limitation.

> A motion to reinstate an action that had been dismissed for lack of progress which is filed more than one year after the order of dismissal should not be granted when the only reason for relief is excusable neglect, because where only neglect is shown the one-year limitation applies, and the broader "any other reason" clause of the court rule is not available (GCR 1963, 528.3).

### Dissent by T. M. Burns, J.

2. Dismissal and Nonsuit—Lack of Progress—Discretion—Appeal and Error.

> *The reinstatement of a case which has been dismissed for lack of progress rests within the sound discretion of the trial court and appellate review of such a determination is restricted to ascertaining whether or not there was any justification for the lower court's decision and whether an abuse of discretion is plain.*

3. Dismissal and Nonsuit—Lack of Progress—Severe Hardship— Reinstatement.

> *A motion to reinstate an action that had been dismissed for lack of progress may be granted in the discretion of the trial court in order to avoid severe hardship to the moving party, who would otherwise lose his day in court (GCR 1963, 528.3).*

Appeal from Ingham, Jack W. Warren, J. Submitted Division 2 November 10, 1973, at Lansing. (Docket No. 13442.) Decided December 6, 1972. Leave to appeal granted, 389 Mich 798.

Complaint by Frank J. Lud against Billy G. Sammons and Phyllis D. Sammons for negligence.

Reference for Points in Headnotes
[1–3] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit, § 80.

Action dismissed for lack of progress, and reinstated on plaintiff's motion. Defendants appeal by leave granted. Reversed.

*William B. Wreford,* for plaintiff.

*Foster, Lindemer, Swift & Collins,* for defendants

Before: QUINN, P. J., and J. H. GILLIS and T. M. BURNS, JJ.

QUINN, P. J. Plaintiff's negligence action was dismissed for lack of progress. On plaintiff's motion and pursuant to GCR 1963, 528.3(6), an order of reinstatement entered. On leave granted, defendants appeal.

The action arose out of a traffic accident which occurred October 14, 1965. The action was filed in circuit court January 10, 1967, and it was noticed for a pretrial conference on July 5, 1967. The pretrial conference was not held, as plaintiff's attorney did not appear, and in September, 1968, the case was dismissed for lack of progress. July 21, 1971, plaintiff's counsel moved to reinstate the case. The only basis for relief disclosed by the motion was excusable neglect. The motion was granted under authority of GCR 1963, 528.3(6).

The precise issue is: may the one-year time limitation contained in GCR 1963, 528.3 be circumvented by granting relief under GCR 1963, 528.3(6) when the only reason for relief is excusable neglect?

GCR 1963, 528.3 is based on FR Civ P 60(b). The United States Supreme Court has held that where only neglect is shown the one year limitation applies and the broad "any other reason" clause of 60(b), GCR 1963, 528.3(6), is not available, *Klap-*

*prott v United States,* 335 US 601; 69 S Ct 384; 93 L Ed 266 (1949).

Reversed with costs to defendants.

J. H. Gillis, J., concurred.

T. M. Burns, J. *(dissenting).* I respectfully dissent. Excusable neglect was not the only reason disclosed by the record which would justify relief from operation of the judgment. Plaintiff's attorney in the sworn motion for reinstatement averred that among the factors generating the lack of progress was defense counsel's postponement of the pretrial conference. The reason for the postponement, however, was in dispute. This is borne out by the following excerpt from the trial court's opinion where in summarizing the plaintiff's position it said:

"(3) The pretrial conference was postponed at the request of defendants' counsel and for the purpose of accomplishing a later deposition. (While no record appears in the file to indicate why the pretrial conference was not held, a record of the Assignment Clerk reads: '5-2-67 demand PTC set 7-5-67 adj'd w/o date pltfs atty failed to show.')"

Therefore since grounds other than excusable neglect were alleged by the plaintiff, *Klapprott v United States,* 335 US 601; 69 S Ct 384; 93 L Ed 266 (1949), relied upon by the majority, is neither in point with nor controlling in the instant appeal.

Moreover, the reinstatement of a case which has been dismissed for lack of progress rests within the sound discretion of the trial court. This Court will not disturb the trial court's determination unless an abuse of that discretion is plain. *Reynolds v Dolbertien,* 366 Mich 162 (1962); *Prine v*

*Hatfield,* 5 Mich App 57 (1966). Appellate review is, therefore, restricted to ascertaining whether or not there was any justification for the lower court's decision. *Hurt v Cambridge,* 21 Mich App 652 (1970).

Here, although the trial court was not entirely satisfied with the reasons advanced for the failure to make progress, it nonetheless ordered the cause reinstated in order to avoid severe hardship to the plaintiff, who would otherwise lose his day in court.

After reviewing the record presented on appeal, I cannot say that there was a clear abuse of discretion or that the trial court was not justified in reinstating the case.

Accordingly, the order reinstating this cause should be affirmed.