REED v REED

OPINION OF THE COURT

1. DIVORCE—COURT RULES—ATTORNEY FEES—ALIMONY—CHILD SUP-
   PORT—DUE PROCESS—CONTEMPT.
   A local court rule which is invoked to prevent defendant husband
   from testifying in a divorce action because he had not paid his
   wife's attorney fee is invalid as a violation of due process;
   ample enforcement of orders to pay temporary alimony, child
   support and attorneys fees is available through contempt pro-
   ceedings wherein due process is satisfied (28th Judicial Circuit
   Local Rules, § 6.01[e]).

DISSENT BY R. B. BURNS, P. J.

2. DIVORCE—COURT RULES—ATTORNEY FEES—DUE PROCESS.
   *A trial judge may apply a local court rule to prevent a defendant
   husband from testifying in a divorce trial because he had not
   paid the plaintiff wife's attorney fee pursuant to a prior court
   order; such application of the rule does not result in a due-
   process violation (28th Judicial Circuit Local Rules, § 6.01[e]).*

Appeal from Wexford, William R. Peterson, J.
Submitted Division 3 February 8, 1974, at Grand
Rapids. (Docket No. 17889.) Decided May 31, 1974.

Complaint for divorce by Joyce Reed against
Jack Reed. Judgment for plaintiff. Defendant ap-
peals. Reversed and remanded.

*Korn & Burns, P. C.,* for plaintiff.

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Divorce and Separation §§ 586–589.
[2] 24 Am Jur 2d, Divorce and Separation § 581.
  Order in divorce suit for payment of counsel fees to attorney for
  wife, rather than to wife, 118 ALR 1138.

*Williams, Coulter, Forster, Cunningham & Davison* (by *Douglas J. Read)*, for defendant.

Before: R. B. BURNS, P. J., and ALLEN and O'HARA,* JJ.

O'HARA, J. Plaintiff wife herein obtained a judgment of divorce. Defendant husband moved for a new trial. The motion was denied. From that denial defendant appeals of right.

The precise issue on appeal is whether a party to a divorce action may be denied the right to testify in the proceedings because of failure to comply with a local court rule. The rule provides:

"No testimony shall be taken in such matters, except by leave of the court, until the attorneys have certified that attorney fees are paid."

In this case the trial judge enforced the rule against the defendant husband who apparently had not paid the wife's attorney fee as ordered.

The rule as phrased is constitutionally infirm as violative of the due process clauses of the United States[1] and Michigan[2] constitutions.[3]

The infirmity is not removed because the bar to testifying may be waived by the trial judge in his discretion.

It would be a sad regression if access to the

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] US Const, Am XIV.

[2] Const 1963, art 1, § 17.

[3] *See* the helpful commentary found in 62 ALR 663 at 663–664.

We are not unmindful of *McClung v McClung,* 40 Mich 493, (1879) cited in 62 ALR at 670. We believe *McClung* is distinguishable on the facts and is not decisionally controlling.

courts were conditioned upon financial ability to pay attorney fees.

There is ample enforcement of this necessary protection to a wife, powerless to pay for an attorney herself. It is available through contempt proceedings. In such proceedings the party charged by an order with paying temporary alimony, child support, and attorney fees can at least make known of record, why, if reason there be, he has not obeyed the order. Thus due process is satisfied. The wilful, the recalcitrant, the obdurate or deceitful will not be excused from the obligation placed upon them by statute.

We hold that ample authority resides in the trial bench to enforce their orders in these cases.[4] This authority must be invoked, and sanctions imposed pursuant thereto.[5]

In the case at bar there is a proper petition and a proper order requiring the defendant husband to show cause why he should not be held in contempt. There is absolutely no showing in the total record before us whether the order was ever served on the defendant and whether, if served, the defendant responded thereto.

There may be a very simple explanation for the quandary in which the record leaves us in the case at bar. If so we are completely confident that the able and experienced trial judge will set the record straight.

Of necessity, for the reasons herein stated, we vacate the order denying the motion for a new trial. We vacate the judgment of divorce. We remand the case to the trial judge for further

---

[4] MCLA 600.1701; MSA 27A.1701.

[5] MCLA 600.1711; MSA 27A.1711; MCLA 600.1715; MSA 27A.1715. *See generally Catsman v City of Flint,* 18 Mich App 641; 171 NW2d 684 (1969); *Bylinski v Bylinski,* 25 Mich App 227; 181 NW2d 283 (1970).

proceedings consonant with the holding herein. Costs to the appellant.

ALLEN, J., concurred.

R. B. BURNS, P. J. *(dissenting).* This is a divorce case. At the close of plaintiff's proofs, defendant was denied an opportunity to testify upon objection by plaintiff asserting that defendant was not entitled to offer proofs since he had failed to pay plaintiff's attorney fees as required by § 6.01(e) of the court rules of Michigan's 28th Judicial Circuit (Wexford County). The court sustained the objection and refused to allow a continuance to defendant to afford him an opportunity to comply with the attorney fees order.

Defendant claims this resulted in a due process violation, he was denied his day in court, and this denial of his request for a continuance resulted in a reversible abuse of discretion.

The local court rules became effective January 1, 1963. The rule in question provides:

"No testimony shall be taken in such matters, except by leave of the court, until the attorneys have certified that attorney fees are paid."

This local court rule was in effect and could be applied by the trial court. *Del Prado Motel v Rogers,* 14 Mich App 728, 732; 165 NW2d 921 (1968). We find no error.

I would affirm and award costs to plaintiff.